BAIRD ET AL., APPELLEES, *v.* LOEFFLER, APPELLANT.

[Cite as Baird v. Loeffler (1982), 69 Ohio St. 2d 533.]

(No. 81-724—Decided March 3, 1982.)

*Mr. George M. Sarap,* for appellees.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. David W. Hilkert* and *Mr. Gary A. Banas,* for appellant.

*Per Curiam.* This case presents the question of whether R. C. 2305.11(B), as amended effective July 28, 1975, acts to bar a claim of a minor whose cause of action accrued in 1972.

In pertinent part, R. C. 2305.11 provides:

"(A) An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, or a hospital, * * * shall be brought within one year after the cause thereof accrued * * * .

" * * *

"(B) In no event shall any medical claim against a physician, podiatrist, or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section * * * *apply to all persons regardless of legal disability and notwithstanding section 2305.16 of* the Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital." (Emphasis added.)

R. C. 2305.16 provides, in pertinent part:

"*Unless otherwise specifically provided in sections 2305.04 to 2305.14,* inclusive, * * * if a person entitled to bring an action mentioned in such sections * * * is, at the time the cause of action accrues, within the age of minority * * * such person may bring it within the respective times limited by such sections, after such disability is removed. * * * " (Emphasis added.)

Appellant argues that R. C. 2305.11(B) is remedial in nature and applies to actions by a minor accrued prior to, but filed after, its effective date. Appellee argues that to so construe the section would destroy an accrued substantive right in violation of Section 28, Article II of the Ohio Constitution.[1] For the following reasons, we hold that R. C. 2305.11(B) does operate to bar appellee's cause of action.

In *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36, we held that "[a] minor of 10 years of age or older must file a medical malpractice action within the time limitations set forth in R. C. 2305.11(A) and (B), notwithstanding R. C. 2305.16." Further, we concluded that " * * * [t]he purpose of the second sentence of R. C. 2305.11(B) was to totally negate any tolling

---

[1] Section 28, Article II of the Ohio Constitution provides:

"The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

effect of the second sentence of R. C. 2305.16 in medical malpractice cases." *Id.,* at page 41. *Vance,* however, involved a cause of action which accrued after the effective date of R. C. 2305.11(B) and did not consider the question of application of the section to a cause of action which accrued prior to its effective date.

Although statutes of limitations are remedial in nature and may generally be classified as procedural legislation, a retroactive application which "operates to destroy an accrued substantive right" conflicts with Section 28, Article II of the Ohio Constitution. *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, paragraphs one and three of the syllabus. *Gregory* provides a means to save from constitutional infirmity a statute of limitation which is applicable to actions accrued before its enactment: " ' * * * [o]n the theory that a right to sue once existing becomes a vested right, and cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a *reasonable time* within which to enforce the right.' " (Emphasis deleted in part.) *Id.,* at page 54, citing *Smith* v. *New York Central Rd. Co.* (1930), 122 Ohio St. 45, 48.

In *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, 237, we stated there is a distinction "between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized." (Emphasis *sic.*) The latter application of an amended statute is not unlawful as long as a prospective claimant is still afforded a reasonable time in which to enforce his right. The concept of reasonableness " 'must accord a reasonable time *after the effective date* of the amendment, for the assertion of existing substantive or vested rights.' " (Emphasis *sic.*) *Id.*

In the case *sub judice,* appellee's cause of action accrued as of the termination of the physician-patient relationship, on September 19, 1972. R. C. 2305.16 tolled the statute of limitations for filing the action until July 28, 1975, the effective date of R. C. 2305.11(B). Thereafter, the statute of limitations for medical malpractice actions found in R. C. 2305.11(A) and (B)

applied, which period of time provided appellee a reasonable time of one year in which to bring his suit.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., and C. BROWN, J., dissent.

CLIFFORD F. BROWN, J., dissenting. The retroactive application of R. C. 2305.11 effectively destroys Joseph Baird's accrued substantive right to bring a malpractice action. Such an application does not meet the test set forth in *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, and is in violation of Section 28, Article II of the Ohio Constitution.

Joseph Baird had a vested substantive right to commence a malpractice action prior to July 28, 1975, the date of the amendment to R. C. 2305.11. So recognizing, the majority identified the issue as whether the amended statute of limitations afforded "a reasonable time after the effective date of the amendment" for plaintiff to commence his malpractice action.[2] See *Gregory* v. *Flowers, supra.*

As amended, R. C. 2305.11 shortened the period for plain-

---

[2] In *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, at pages 236-237, in the opinion, we explained our holding in *Gregory* v. *Flowers, supra,* as follows:

"In *Gregory* v. *Flowers, supra,* (32 Ohio St. 2d 48), this court was also dealing with a situation where an amended statute of limitations was in conflict with an individual's substantive right. The court held that an amendment to R. C. 4123.84 could not be applied retroactively so that its operation 'destroyed' an existing substantive right of a claimant under the Workers' Compensation statutes to seek and be awarded compensation for a back injury. However, in the first paragraph of the syllabus, the court restated the general principle that statutes of limitations are 'remedial in nature and may be generally classified as *procedural* legislation.' (Emphasis added.)

"Conceding the somewhat muddled distinction between procedural and substantive rights, this court nevertheless delineated between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized. The latter application of an amended statute is not unlawful as long as a prospective claimant or litigant, as in the cause at bar, is still afforded ' "a reasonable time in which to enforce" his right.' *Flowers, supra,* at page 54. In addition, Justice Leach, in a concurring opinion, set forth further guidelines concerning this concept of 'reasonableness' * * * at page 60. * * * "

tiff to institute his malpractice action from April 30, 1980, his 19th birthday, to July 28, 1976, one year after the effective date of the statute. The majority reasoned that this one year constituted a "reasonable time" in which to bring suit. I cannot agree with this proposition and I therefore dissent from today's decision.

On July 28, 1976, the date on which the majority holds plaintiff's right to commence his malpractice action expired, Joseph was only 15 years old. To hold him responsible for determining when to file a malpractice action is both unrealistic and inequitable. A statute of limitations which requires a child to sue before he reaches the age of majority or forever lose his right can not be said to afford him a "reasonable time" in which to commence his malpractice action. That "reasonable time" is measured by that child's age of majority and adding one year thereto, giving him until age 19.[3]

One can easily envision the repercussions of the majority's decision. As a minor, a child is barred from pursuing a malpractice case unless his parents elect to do so on his behalf. Because he has no standing he is unable to assert his own rights at that time. Under the majority's interpretation of R. C. 2305.11 this same child is also foreclosed from suing *after* he reaches the age of majority. Thus, today's holding operates so as to totally preclude a child from bringing a malpractice action even though he had an accrued substantive right prior to the amended version of R. C. 2305.11. The child has no standing to sue before he is 18 years old and no right to sue thereafter.

The right of a child to bring a malpractice action is not

---

[3] This court's holding in *Cook, supra,* is not a basis for a finding of "reasonableness" in the present case. Even *Cook* allowed the plaintiff two years after he had reached the age of majority to pursue his claim. In so doing, this court held:

"A plaintiff in a personal injury action who was injured in an accident occurring prior to January 1, 1974, while he was under the age of 21, must litigate his claim within two years after the January 1, 1974, amendment to R. C. 3109.01 lowering the age of majority to 18 years, or within two years after his eighteenth birthday, whichever is later."

Once the plaintiff, Joseph Baird, becomes emancipated it is presumed he becomes responsible enough to bring a legal action on his own behalf. The guidelines in the age of majority cases, *Cook* v. *Matvejs, supra,* and *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1, should not be transplanted here so as to destroy the right of minors to bring malpractice actions against alleged wrongdoers during their minority.

predicated upon whether the parents elect to sue on his behalf. These rights are separate and distinct. To equate the two is illogical and unreasonable.

Courts have always in many areas of the law fashioned rules to protect juveniles and have never resorted to robbing them of their rights. Witness the trend of Juvenile Courts to protect minors by appointing guardians *ad litem sua sponte* in many legal actions affecting the rights of juveniles. R. C. 2111.23 and 2151.281. The interests of the child should likewise be recognized in cases such as Joseph Baird's. A child's rights must be emphasized over the alleged financial crisis of the medical profession and insurance companies.

Moreover, since the statute of limitations contained in R. C. 2305.11 destroys an accrued substantive right in that it did not afford the plaintiff a reasonable time in which to commence his action, the retroactive application of this statute violates Section 28, Article II of the Ohio Constitution.

The conclusion that Joseph Baird's malpractice action should not be barred by amended R. C. 2305.11 is consistent with the legislative mandate of R. C. 1.11, which provides:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * * "

R. C. 2305.11 is a remedial law and as such should be liberally construed in order to promote its object and to assist the parties in obtaining justice by reaching the issues of substantive law involved. See *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90; *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185; *Indus. Comm.* v. *Musselli* (1921), 102 Ohio St. 10.[4]

To deny a 15 year old child his day in court by retroactively applying R. C. 2305.11 is to disregard these elementary principles regarding remedial laws and retrospective application. To destroy his right to sue during his minority is a miscarriage of justice.

CELEBREZZE, C. J., concurs in the foregoing dissenting opinion.

---

[4] In *Kirby* v. *Lake Shore & Michigan Southern RR.* (1887), 120 U. S. 130, the United States Supreme Court disregarded a statute of limitations which it deemed inequitable to apply.