ADAMS, APPELLANT, *v.* SHERK ET AL., APPELLEES.

[Cite as Adams *v.* Sherk (1983), 4 Ohio St. 3d 37.]

(No. 82-415—Decided March 16, 1983.)

*Messrs. Bryant & Sanzone, Mr. Jerry M. Bryant* and *Mr. Nicholas E. Bunch,* for appellant.

*Messrs. Bieser, Greer & Landis, Mr. Arthur Kepes* and *Mr. David C. Greer,* for appellees.

*Messrs. Spangenberg, Shibley, Traci & Lancione* and *Mr. Donald Traci,* urging reversal for *amicus curiae,* Phyllis Jean Cyrus.

*Per Curiam.* This case presents the issue of whether R.C. 2305.11(B) applies to a medical malpractice claim alleging discovery of a "foreign object" resulting from surgery, in which the cause of action arose prior to the effective date of the statute but the discovery of the foreign object occurred more than four years after the alleged act or omission constituting malpractice occurred.

R.C. 2305.11 provides, in pertinent part:

"(A)  An action for * * * malpractice, including an action for medical malpractice against a physician, podiatrist, or a hospital * * * shall be brought within one year after the cause thereof accrued * * *.

"(B)  In no event shall any medical claim against a physician, podiatrist, or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician, podiatrist, or hospital apply to all persons regardless of legal disability and notwithstanding section 2305.16[1] of the Revised Code * * *."

This section, which was amended to include paragraph (B) on July 28, 1975, has been the subject of much litigation to determine its applicability to medical malpractice actions accruing prior to but filed after the amendment. Two recent cases, *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458], and *Meros* v. *University Hospitals* (1982), 70 Ohio St. 2d 143 [24 O.O.3d 244], have analyzed R.C. 2305.11(B) in this context and lend guidance for the resolution of this cause.

*Baird* v. *Loeffler, supra,* resolved the question of whether R.C. 2305.11(B) bars a medical malpractice claim of a minor whose cause of action accrued in 1972 but was not filed until 1980. In *Baird,* the court reviewed the rule of *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 [61 O.O.2d 295], that a statute of limitations may be applied retroactively so long as it does not operate to destroy an accrued substantive right. To destroy such a right would violate Section 28, Article II of the Ohio Constitution. *Gregory* provides a means to save from constitutional infirmity a statute of limitations

---

[1] R.C. 2305.16 provides, in pertinent part:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all."

which is applicable to actions accrued before its enactment: " '* * * [o]n the theory that a right to sue once existing becomes a vested right, and cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a *reasonable time* within which to enforce the right.' " (Emphasis deleted in part.) *Gregory, supra,* at 54.

On its facts, *Baird* held that where a minor's cause of action accrued prior to the amendment of the statute of limitations, the statute was tolled by R.C. 2305.16 until July 28, 1975, the effective date of R.C. 2305.11(B). Thereafter, a minor thus situated had a period of one year after the effective date in which to bring his claim. A one-year period following the effective date of the statute afforded pursuant to the rule in *Gregory* gave the minor a reasonable period in which to bring his action and, thus, R.C. 2305.11(B) was held not to totally destroy the minor's accrued substantive right in violation of Section 28, Article II of the Ohio Constitution.[2]

*Baird* further noted the distinction made in *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234 [10 O.O.3d 384], between the operation of an amended statute of limitations which totally obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized. *Baird* v. *Loeffler, supra,* at 535. The latter application of an amended statute is not unlawful as long as the claimant is still afforded a reasonable time in which to enforce his right. The concept of reasonableness must accord a reasonable time after the effective date of the amendment.

*Meros* v. *University Hospitals, supra,* decided shortly after *Baird,* resolved a similar question. In *Meros,* a cause of action for medical malpractice had accrued in 1974, also prior to the amendment of the statute of limitations, but was not filed until 1979. A claim of legal disability due to incompetence was made by the patient in *Meros.* Her argument that R.C. 2305.16 tolled the statute of limitations was rejected, however, as we concluded R.C. 2305.11 precludes the use of the tolling provision.

*Baird* and *Meros* both dealt with medical malpractice claims which accrued prior to the amendment of the statute of limitations, and both found a period of one year from the effective date of the statute as a reasonable time in which to bring suit, thus permitting R.C. 2305.11(B) to be applied retroactively without constitutional infirmity. This case, however, presents a factual posture distinguishable from those of *Baird* and *Meros.* Here, appellant's cause of action accrued prior to the effective date of R.C. 2305.11 but was not discovered until nearly five years thereafter. Under the "foreign object"

---

[2] Section 28, Article II of the Ohio Constitution provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

discovery rule announced in *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198 [61 O.O.2d 430], in which a foreign object was negligently left in a patient's body during surgery, "* * * the running of the statute of limitation governing a claim therefor is tolled until the patient discovers, or by the exercise of reasonable diligence should have discovered, the negligent act." (Paragraph one of the syllabus.)

We hold that the *Gregory-Cook* rule requires that the vitality of the "foreign object" discovery rule is unaltered by R.C. 2305.11(B) as it pertains to a cause of action arising prior to the effective date of the statute. Otherwise, to allow retroactive application of the statute in this case would totally destroy an accrued substantive right in contravention of Section 28, Article II of the Ohio Constitution. Unlike the situations in *Baird* and *Meros,* appellant could not have had a reasonable time in which to file her claim, by requiring her to file it either within one year of the effective date of the statute or within four years of the act of malpractice, since she did not discover the act or omission constituting malpractice until 1980.[3] In contrast, the causes of action in *Baird* and *Meros* were known to the patients prior to the amendment of the statute of limitations.[4] Consequently, appellant must be afforded a reasonable time in which to bring her claim, *i.e.,* one year after the discovery of the malpractice. Her claim was properly brought within one year of the discovery of the foreign object. The judgment of the court of appeals is accordingly reversed and the cause remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and COOK, JJ., concur.

HOLMES and C. BROWN, JJ., concur separately.

COOK, J., of the Eleventh Appellate District, sitting by assignment.

---

[3] This is the date mentioned in appellant's brief before this court and the appellate court below. Although appellant alleges the date to be January 31, 1981, in her complaint and January 31, 1980, in her memorandum in opposition to motion to dismiss in the trial court, we shall assume March 31, 1980, to be the correct date for purposes of this decision only.

[4] We noted in *Meros, supra,* at 145, fn. 3:

"Appellant also asserts that the appellee fraudulently concealed the facts which constituted its negligence. This, appellant argues, tolls the statute of limitations.

"Notwithstanding the merits of this premise, appellant's claim is barred by the absolute four-year limitation placed upon medical claims by R.C. 2305.11(B). This period begins to run on the date the negligent acts occur rather than when the cause of action accrues. Here, the asserted negligent acts took place sometime prior to October 4, 1974, the date appellant was discharged from the hospital. This action was filed in April 1979, more than four years subsequent."

Given our resolution of the case *sub judice,* the dictum quoted in this footnote is of questionable validity.

HOLMES, J., concurring. I agree with the court's analysis. It is my understanding, however, that the limitation contained in R.C. 2305.11(B) is inapplicable here only because the cause of action accrued prior to the effective date of R.C. 2305.11(B) and, subsequently, appellant was not afforded a "reasonable" time to initiate this action. *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 [61 O.O.2d 295], mandates this result. Also, nothing in our holding would render R.C. 2305.11(B) inapplicable when the "act or omission" occurs after its effective date.

CLIFFORD F. BROWN, J., concurring. I enthusiastically concur in the judgment of the court holding that retroactive application of R.C. 2305.11(B) would totally destroy an accrued substantive right. Under the facts of this case, were appellant required to file her case either within one year of the effective date of the statute or within four years of the act of malpractice, she would be denied a reasonable time in which to file her claim, since the foreign object in her body was discovered long after those dates had passed.

I concur in the decision of the court, but take exception to language in the opinion approving the result reached in *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458], and *Meros* v. *University Hospitals* (1982), 70 Ohio St. 2d 143 [24 O.O.3d 244]. In *Baird,* this court applied the amended statute to bar a fifteen-year-old person from bringing a medical malpractice action. In *Meros,* the amended statute was applied in the face of an allegation that the cause of action was concealed from the claimant, thereby denying her a reasonable time to bring suit.

I continue to believe that the plaintiff in *Baird,* being a minor, was not afforded a reasonable time in which to commence his malpractice action. I also believe that an allegation of concealment, such as in *Meros* should be factually determined by the trial court, and if established, should toll the statute of limitations. I am pleased to note the majority here apparently endorses this principle as well. See footnote 4 of the majority opinion.