**Pamela MESSINA, et al., Plaintiffs,**

v.

**Speros A. GABRIEL, Defendant.**

**No. C–3–83–216.**

United States District Court,
S.D. Ohio, W.D.

Oct. 12, 1983.

James D. Ruppert, Franklin, Ohio, for plaintiffs.

Thomas E. Jenks, Dayton, Ohio, for defendant.

## DECISION OVERRULING DEFENDANT'S MOTION TO DISMISS; PRELIMINARY PRETRIAL CONFERENCE SET

RICE, District Judge.

This cause arose out of the allegedly negligent diagnosis by Defendant Speros Gabriel, D.O., of Plaintiff Pamela Messina. Plaintiffs allege that in July, 1975, Defendant began treating Plaintiff. During the course of this treatment, Plaintiffs allege that Defendant misdiagnosed Plaintiff as having cancer. As a result of this misdiagnosis, Plaintiff underwent two, unnecessary surgical procedures. Further, Plaintiffs allege that Pamela never did have cancer but that she did not discover this fact until some time after April 12, 1982.

This cause is now before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[A] complaint should not be dismissed for failure to state a claim [Rule 12(b)(6) ] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted). *See also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In the instant cause, the Court's subject matter jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. Therefore, the substantive law of Ohio, the forum state, controls the resolution of the issues raised by this motion.

Defendant relies on *Wyler v. Tripi,* 25 Ohio St.2d 164, 267 N.E.2d 419 (1971), and argues that Plaintiffs' complaint is barred

by the applicable statute of limitations, Ohio Rev.Code § 2305.11. In *Wyler v. Tripi,* the court held that a medical malpractice action accrues, at the latest, when the physician/patient relationship terminates. Defendant argues that in this case that, since relationship ceased on August 1, 1975,[1] it is barred by the one year limitation contained in Ohio Rev.Code § 2305.11(A).

Due to a change in Ohio law, occurring after defendant's motion was filed, this argument is not well taken. In *Oliver v. Kaiser Community Health Foundation,* 5 Ohio St.3d 111, 449 N.E.2d 438 (1983), the court abandoned the "termination rule" and adopted the "discovery rule" for medical malpractice claims. The court said, in the syllabus:

> Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. (*Gillette v. Tucker,* 67 Ohio St. 106, 65 N.E. 865; *Bowers v. Santee,* 99 Ohio St. 361, 124 N.E. 238; *Amstutz v. King,* 103 Ohio St. 674, 135 N.E. 973; *DeLong v. Campbell,* 157 Ohio St. 22, 104 N.E.2d 177; *Lundberg v. Bay View Hospital,* 175 Ohio St. 133, 191 N.E.2d 821; *Wyler v. Tripi,* 25 Ohio St.2d 164, 267 N.E.2d 419, and all other inconsistent cases, overruled.)

■ Plaintiffs' complaint alleges that Pamela first discovered that she never had cancer after April 12, 1982. Their complaint was filed on March 9, 1983. Consequently, the Plaintiffs can prove a set of facts under which their complaint is not barred by the statute of limitations.

Therefore, their complaint states a claim and withstands a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Alternatively, Defendant argues that Ohio Rev.Code § 2305.11(B) bars Plaintiffs' complaint.[2] Ohio Rev.Code § 2305.11(B) provides, in part:

> In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred.

The term "medical claim" is defined in § 2305.11(D)(3) as "any claim asserted in any civil action against a physician ... arising out of the diagnosis, care, or treatment of any person."

Defendant argues that all of Plaintiffs' claims for relief are medical claims and that their complaint was filed more than four years after the occurrence of the acts giving rise to the claims. Therefore, Defendant claims, the absolute four-year limitation in § 2305.11(B) bars all Plaintiffs' claims.

The Court disagrees. In so doing, the Court expresses no opinion whether all of Plaintiffs' claims for relief are "medical claims". Rather, the Court holds that the Ohio Constitution forbids the application of § 2305.11(B) in this cause to bar Plaintiffs' claims. In reaching this conclusion the Court applies the rule annunciated in *Adams v. Sherk,* 4 Ohio St.3d 37, 446 N.E.2d 165 (1983).

■ Article II, § 28 of the Ohio Constitution[3] prohibits the Ohio General Assembly from passing retroactive laws. However, this prohibition applies only to substantive legislation as opposed to remedial or proce-

---

**1.** This date is derived from Defendant's affidavit attached to his motion to dismiss. It is used solely for the purpose of fully developing Defendant's arguments. Resolution of this motion is in no way dependent upon it; therefore, the Court need not treat this as a motion for summary judgment. See Rule 12(b), Federal Rules of Civil Procedure.

**2.** This argument was directed against Plaintiffs' claims of "fraud" and "misrepresentation". However, in light of the discovery rule's

adoption, it would be equally applicable to all claims.

**3.** Article II, § 28 of the Ohio Constitution provides:

> The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and er-

dural laws. See, e.g., *State, ex rel. Slaughter v. Industrial Commission,* 132 Ohio St. 537, 9 N.E.2d 505 (1937). In *Gregory v. Flowers,* 32 Ohio St.2d 48, 290 N.E.2d 181 (1972), the court discussed the application of these standards to statutes of limitations. The court held that statutes of limitations are remedial and are, therefore, generally procedural. However, the court went on to hold that their retroactive application was not without limit, saying:

> When the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution.

See also *Cook v. Matvejs,* 56 Ohio St.2d 234, 383 N.E.2d 601 (1978) (holding that an amended statute of limitations which shortens rather than totally obliterating the time in which to bring a cause of action may be applied retroactively).

In *Adams v. Sherk, supra,* the court applied these principles to § 2305.11(B), the precise statute of limitations in question here. There, the Plaintiff alleged that the defendant, a physician, left a metallic object in her during the course of surgery which took place in March, 1967. Consequently, *Adams* was a "foreign object" case, and the discovery rule was applicable. See *Melnyk v. Cleveland Clinic,* 32 Ohio St.2d 198, 290 N.E.2d 916 (1972). The court, relying on *Gregory* and *Cook,* held that § 2305.11(B) could not be applied retroactively to destroy a claim that existed prior to its effective date, July 1, 1976.

Likewise, herein, Plaintiffs' claims arose prior to the effective date of § 2305.11(B). In light of *Oliver v. Kaiser Health Foundation, supra,* the discovery rule is appli-

cable. R.C. 2305.11(B) cannot be applied retroactively to destroy Plaintiffs' claims.[4]

In conclusion, this Court holds that the discovery rule is the rule to be used to determine when Plaintiffs' claims accrued and that Ohio Rev.Code § 2305.11(B) may not be applied retroactively to bar those claims that arose prior to the effective date of § 2305.11(B).[5] Consequently, Defendant's motion to dismiss is overruled.

The Defendant will answer or otherwise motion the Plaintiffs' Complaint not later than ten (10) days following date of receipt of notice of this decision.

Counsel listed below will take note that a preliminary pretrial conference will be had in the captioned cause, by conference call telephone communication, at 8:20 a.m., on Friday, October 28, 1983.

---

rors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.

**4.** Also, the Defendant's reliance on the language in *Meros v. University Hospitals,* 70 Ohio St.2d 143, 145 n. 3, 435 N.E.2d 1117, 1119 n. 3 is misplaced. As the court said in *Adams,* "Given our resolution of the case *sub judice,* the dictum in [*Meros*] is of questionable validity." 4 Ohio St.3d at 40, 446 N.E.2d at 168.

**5.** Defendant also argues that Plaintiffs' claims for fraud and misrepresentation are in fact mal-

practice claims, and as such, they are barred by the statute of limitations. Given the Court's holding that the discovery rule is applicable herein, this argument is without merit. Even assuming arguendo that Defendant's assertion as to the nature of these claims is correct, the discovery rule would be likewise applicable to them. Therefore, like Plaintiffs' other malpractice claims, these claims will survive a motion to dismiss based on the statute of limitations. Defendant does not otherwise challenge these claims.