SMITH, APPELLANT, *v.* LOEFFLER ET AL., APPELLEES.

(No. 11608—Decided July 18, 1984.)

*Timothy F. Scanlon* and *Stan B. Schneiderman,* for appellant.

*David W. Hilkert* and *Joseph J. Feltes,* for appellees.

BAIRD, P. J. Plaintiff Lucy L. Smith became a patient of Dr. R. Kenneth Loeffler on March 18, 1974. Between March 18, 1974 and May 16, 1974, Loeffler administered radiation treatments to plaintiff. Between June 14, 1974 and May 15, 1980, Drs. Loeffler and Akbari examined plaintiff as part of a program of follow-up care for the radiation treatments. In November 1980, plaintiff consulted another doctor who told plaintiff that the radiation treatments had been unnecessary and that the treatments had caused various physical problems from which plaintiff was suffering. On May 12, 1981, plaintiff sent notice of her intent to bring legal action, pursuant to R.C. 2305.11(A), and on November 9, 1981, filed this action. Drs. Loeffler and Akbari moved for summary judgment based on the limitations set out in R.C. 2305.11. The trial court determined that plaintiff's claims were barred by R.C. 2305.11(B), and granted summary judgment. Plaintiff appeals.

### Assignment of Error

"The lower court erred in sustaining the motions for summary judgment of the defendants-appellees R. Kenneth Loeffler, M.D. and Assodolah Akbari, M.D. upon the ground that the plaintiff-appellant's claims for relief were barred by the limitations of O.R.C. § 2305.11 (B)."

We find that the operative facts in this case are indistinguishable from those in *Adams* v. *Sherk* (1983), 4 Ohio St. 3d 37. That case held that, as to a cause of action arising prior to the effective date of R.C. 2305.11, the "discovery rule" is unaltered by R.C. 2305.11(B). The discovery rule was adopted, to determine the accrual of malpractice actions generally, in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111. The *Sherk* court concluded that a plaintiff with a cause of action arising prior to the effective date of R.C. 2305.11, who discovers a malpractice in-

jury after the effective date of the statute, must be afforded one year after the discovery of the malpractice in which to bring her claim. Since the Ohio Supreme Court has concluded that R.C. 2305.11(B) is inapplicable, we find this assignment of error well-taken, and reverse the decision of the trial court. The cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

MAHONEY and GEORGE, JJ., concur.