DESKINS, APPELLANT, *v.* YOUNG, APPELLEE.

[Cite as Deskins *v.* Young (1986), 26 Ohio St. 3d 8.]

(No. 85-1778—Decided August 13, 1986.)

*Lamkin, Van Eman & Trimble* and *William W. Lamkin,* for appellant.

*Bricker & Eckler, John F. Birath, Jr.* and *Elizabeth A. Squeglia,* for appellee.

*Per Curiam.* The question presented is whether R.C. 2305.11(B) bars a medical claim in which the cause of action arose prior to the effective date of that statute, but discovery of the alleged negligent act occurred more than four years after the act or omission constituting the alleged malpractice occurred. In *Adams* v. *Sherk* (1983), 4 Ohio St. 3d 37, a case involving a similar question, this court held that retroactive application of R.C. 2305.11(B) was violative of Section 28, Article II of the Ohio Constitution.

R.C. 2305.11(B) provides that in no event shall a medical claim be brought more than four years after the act or omission constituting the alleged malpractice occurred. This amendment to R.C. 2305.11 became effective July 28, 1975. (136 Ohio Laws, Part II, 2809, 2810.)

In *Sherk, supra,* appellant's cause of action arose prior to the effective date of R.C. 2305.11(B), but the negligent act itself was not discovered until well after that statute became effective. Appellant had undergone surgery in 1967. Thirteen years later, in 1980, she discovered that a foreign object had been left in her body during the original surgery.

Likewise, in the instant case, appellant underwent surgery for the removal of her gallbladder in 1971. Twelve years later, in 1983, she

discovered that a portion of her gallbladder had been left behind during the surgery to remove that organ. Just as the negligent act could not have been discovered within four years in *Sherk,* the alleged malpractice and injury in the instant case reasonably remained undiscovered more than four years after the act or omission constituting the alleged malpractice occurred.

We observed in *Sherk, supra,* at 39, that there is a "* * * distinction * * * between the operation of an amended statute of limitations which totally obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized. * * * The latter application of an amended statute is not unlawful as long as the claimant is still afforded a reasonable time in which to enforce his right. The concept of reasonableness must accord a reasonable time after the effective date of the amendment."

Appellant herein could not have had a reasonable time in which to file her claim had she been required to file within one year of the effective date of R.C. 2305.11(B) or within four years of the alleged act of malpractice, for the negligent act, which occurred prior to division (B)'s enactment, reasonably remained undiscovered until 1983. As in *Sherk,* the retroactive application of R.C. 2305.11(B) to a cause of action arising from an act of malpractice occurring prior to its effective date, where the malpractice could not reasonably have been discovered within four years, would totally eliminate appellant's substantive right in her cause of action without affording her a reasonable time within which to enforce that right. Such an application contravenes the proscription against retroactive laws contained in Section 28, Article II of the Ohio Constitution. Therefore, R.C. 2305.11(B) will not operate to bar appellant's claim.

Appellee contends, however, that even if R.C. 2305.11(B) cannot retroactively be applied, appellant's claim cannot proceed pursuant to the discovery rule contained in R.C. 2305.11(A). Appellee asserts that appellant's claim was extinguished in 1972 pursuant to the termination rule then governing R.C. 2305.11 (now R.C. 2305.11[A]) when her cause of action arose, even though the alleged malpractice had not yet been discovered. We disagree.

In *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, this court repudiated the termination rule adopted in our prior decisions. The discovery rule announced in *Oliver* was judicially incorporated in R.C. 2305.11(A) precisely to ameliorate the "unconscionable result to innocent victims who by exercising even the highest degree of care could not have discovered the cited wrong." *Id.* at 114.

The effect of decisions of this court overruling our past pronouncements is well-settled. In *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209, 210 [57 O.O. 411], we stated:

"* * * The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation,

and the effect is not that the former was bad law, *but that it never was the law.*" (Emphasis added.)

In legal effect, then, the termination rule was rendered a nullity by our decision in *Oliver* and thus cannot operate to extinguish appellant's claim. Rather, the *Oliver* discovery rule governs appellant's claim, thereby affording her a reasonable time within which to bring her claim, that is, one year after the discovery of the alleged malpractice.[1] Appellant's claim was thus timely filed in accordance with R.C. 2305.11(A).

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

LOCHER and HOLMES, JJ., dissent, with opinion.

WRIGHT, J., dissents.

HOLMES, J., dissenting. The real issue presented to this court in this appeal is whether the decision of this court in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, may be applied retroactively to revive a cause of action which was extinguished nearly eleven years before the *Oliver* decision was rendered. This court, in *Oliver,* held that a cause of action in medical malpractice accrues, and the statute of limitations begins to run, upon discovery of the injury.

On June 22, 1971, the date the alleged act of malpractice against appellant occurred, the statute of limitations for actions in medical malpractice was that portion of R.C. 2305.11 which is contained in division (A) of the current statute. The 1971 version of R.C. 2305.11 stated, in pertinent part: "An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued * * *." The four-year absolute bar contained in R.C. 2305.11(B) was not enacted until 1975. See Am. Sub.

---

[1] Because we find that R.C. 2305.11(B) is not applicable to appellant's cause of action arising prior to the effective date of that statute, we will not pass on appellant's claim that R.C. 2305.11(B) is unconstitutional. *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 151; *State* v. *Weissman* (1982), 69 Ohio St. 2d 564, 566 [23 O.O.3d 477]; *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207 [34 O.O.2d 420], paragraph one of the syllabus; *Strongsville* v. *McPhee* (1944), 142 Ohio St. 534 [27 O.O. 466], paragraph three of the syllabus; *Rucker* v. *State* (1928), 119 Ohio St. 189, paragraph one of the syllabus.

H.B. No. 682, effective July 28, 1975. (136 Ohio Laws, Part II, 2809, 2810-2811.)

At the time the alleged act of malpractice against appellant occurred, this court interpreted the time of "accrual" under R.C. 2305.11 to be, at the latest, the time of termination of the physician-patient relationship, and not the date the injury was discovered. *DeLong* v. *Campbell* (1952), 157 Ohio St. 22 [47 O.O. 27]; *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283].

Other than the statutorily imposed tolling of the statute of limitations for minority and other disabilities contained in R.C. 2305.16, prior to 1983 the only exception to the one-year statute of limitations was the discovery rule in foreign object cases, which was adopted by this court in 1972. *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198 [61 O.O.2d 430]. In *Melnyk*, this court permitted the statute of limitations to be tolled in cases which involved a foreign object negligently left in the plaintiff's body, until the object was discovered. Until the case of *Oliver* v. *Kaiser Community Health Found., supra,* this court had specifically refused to extend the discovery rule to medical malpractice cases which did not involve a foreign object. *Wyler* v. *Tripi, supra.*

Thus, at the time the alleged act of negligence in this case occurred in 1971, under the statute of limitations in effect at that time, appellant had one year after the termination of the physician-patient relationship to bring her cause of action. The relationship between appellant and appellee terminated shortly after the surgery in 1971. Since appellant failed to bring an action within the time permitted by the statute, her cause of action was extinguished in 1972.

The rendering by this court in 1983 of the *Oliver* decision cannot be deemed to have revived appellant's formerly expired cause of action. The law of Ohio has long been that a cause of action once extinguished is not revived by changes in the applicable statute of limitations which occur subsequent to the expiration of the cause of action. *Cox* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 501, 505-506 [21 O.O.3d 313].

In this case, appellant's cause of action expired in 1972 under the one-year statute of limitations and relevant case law then in effect. Having so expired, the cause of action cannot be revived some eleven years later by the *Oliver* decision. The majority cites *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209 [57 O.O. 411], in support of its decision to discard application of the termination rule in this case. However, the *Peerless* case involved the retroactive application of a decision of this court regarding the propriety of including federal securities in the tax base of a corporation for purposes of computing the franchise tax. In that case, the retroactive application of the court's decision in question did not operate to revive a previously extinguished right. The *Peerless* case clearly did not involve the retroactive application of a statute of limitations; nor does it stand for the proposition that subsequent case law may revive an expired statute of limitations.

Further, appellant argues that the *Oliver* decision specifically held that the discovery rule applies retroactively to include alleged acts of malpractice accruing prior to July 28, 1975. However, nowhere in the *Oliver* decision is either the retroactive application of the decision or the date July 28, 1975 discussed. Moreover, the alleged act of negligence in *Oliver* occurred on or after September 16, 1975, almost two months after the date cited by appellant. While the retroactive application of case law may arguably operate to preserve an *existing* right to sue for a longer period by extending a statute of limitations period which is running but not yet expired, it may not operate to revive a right which no longer exists. Accordingly, appellant's claim is barred.

However, even if one adopts the majority's position that the discovery rule set forth in *Oliver* does apply to this case and operates to revive appellant's extinguished cause of action, the decision of the trial court sustaining appellee's motion for sumary judgment was still proper. A review of several previous decisions of this court, including those cited by appellant, makes it clear that, contrary to appellant's argument, the discovery rule is controlled by the absolute limitation of four years contained in R.C. 2305.11(B).

R.C. 2305.11(B) states, in pertinent part:

"*In no event* shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought *more than four years after the act or omission constituting the alleged malpractice occurred.* The limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code * * *." (Emphasis added.)

The plain language of this statute makes it clear that it applies to all causes of action and begins to run from the date the alleged act *occurred,* regardless of the date the cause of action actually accrues.

Even if the appellant had an accrued substantive right at the time R.C. 2305.11(B) was enacted, Section 28, Article II of the Ohio Constitution does not prohibit such retroactive application, provided a reasonable time is permitted after the amendment for suit to be brought. See *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234 [10 O.O.3d 384]; and *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458]. This court has held that:

"* * * [T]here is a distinction 'between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized.' [Emphasis *sic.*] The latter application of an amended statute is not unlawful as long as a prospective claimant is still afforded a reasonable time in which to enforce his right." *Baird,* at 535, quoting *Cook,* at 237.

This court has repeatedly applied amended statutes of limitations to causes of action which accrued prior to the date of the amendment, and measured the time for bringing suit as if the cause of action arose on the

date the statute was amended. *Baird, supra; Cook, supra.* Applying this rule to the case at bar, appellant had no more than four years from the date of the amendment of the statute of limitations to bring her action. Thus, even under the interpretation applied in the *Cook* case, the statute of limitations expired, at the latest, on July 28, 1979.

Appellant argues that *Adams* v. *Sherk* (1983), 4 Ohio St. 3d 37, compels this court to reverse the court of appeals and find that R.C. 2305.11(B) may not be applied retroactively to the cause of action in this case. However, *Adams* v. *Sherk* is distinguishable from the case at bar. Unlike the instant case, *Adams* was a foreign-object case brought under the rule of *Melnyk, supra.* In *Melnyk,* the court held that although the cause of action accrued when the physician-patient relationship terminated, the running of the statute of limitations was tolled until the foreign object was discovered. This court at 201 stated:

"Thus, while a cause of action for medical malpractice accrues, at the latest, when the physician-patient relationship finally terminates, the negligent leaving of a metallic forceps and a nonabsorbent sponge inside a patient's body during surgery will toll the running of the statute of limitation upon that cause of action until such time as the patient discovers, or by the exercise of reasonable diligence should have discovered, the negligent act."

Thus, in *Adams,* the plaintiff had an accrued substantive right when the statute was amended in 1975 because the cause of action—malpractice resulting from negligently leaving a foreign object in the plaintiff's body—accrued on termination of the physician-patient relationship, but the running of the statute of limitations was tolled under the law in effect at that time.

Unlike the *Melnyk* rule, the rule in *Oliver* is that a cause of action does not accrue until the resulting injury is discovered. This court, in *Oliver,* held:

"Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. * * *"

Thus, applying *Oliver* to this case, appellant had no accrued substantive right in 1975 to be destroyed by the amendment of the statute of limitations. However, the "act or omission constituting the alleged malpractice" was years before her cause of action under *Oliver* accrued, *i.e.,* appellant discovered her injury in June 1983. Therefore, the four-year bar had long since ended her ability to bring the within action.

Accordingly, I would affirm the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.