Kennedy, J.,
dissenting.
{¶ 20} Respectfully, I dissent. I agree with the majority’s conclusion that Oaktree’s cause of action accrued and vested prior to the effective date of R.C. 2305.131 and that the retroactive application of the statute of repose therefore violates its substantive right, contravening Article II, Section 28 of the Ohio Constitution. However, I disagree with the creation of a bright-line rule that a general statute of limitations will determine the reasonable time for the filing of an action that accrued prior to the enactment of a statute of repose. Because I believe that the determination of what constitutes a reasonable time in any case is based on the facts of the particular case, I conclude that as a matter of law, that determination rests in the sound discretion of the trial court. Therefore, I would affirm the judgment of the court of appeals on different grounds.
Precedent Does Not Support Establishment of a Bright-Line Rule
{¶ 21} The majority asserts that “Groch and Sherk provide an analytical blueprint for how this case should be decided.” Majority opinion, ¶ 14, citing Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, and Adams v. Sherk, 4 Ohio St.3d 37, 446 N.E.2d 165 (1983). While the majority correctly cites the holdings in Groch and Sherk, it incorrectly advances those holdings as this court’s pronouncement of a policy to use a general statute of *270 limitations to determine the reasonable time in which to file an action that accrued prior to the enactment of a statute of repose.
{¶ 22} Groch concerned the constitutionality of the products-liability statute of repose, R.C. 2305.10(C). Douglas Groch was injured by a trim press 34 days prior to the effective date of R.C. 2305.10(C) and former R.C. 2305.10(F). Groch, ¶ 190. This court rejected the respondents’ position that the 34 days provided by R.C. 2305.10(C) was a reasonable period of time for Groch to file his action.
{¶ 23} In determining what was a reasonable period of time, Justice O’Connor, writing for the majority, looked to the specific language of the statute of repose:
R.C. 2305.10(C)(4) provides a two-year limitations period for commencing a suit for injuries occurring before the expiration of the ten-year repose period of R.C. 2305.10(C)(1), “but less than two years prior to the expiration of that period.” * * *
Similarly, R.C. 2305.10(C)(5) provides that “[i]f a cause of action relative to a product liability claim accrues during the ten-year period described in division (C)(1) of this section and the claimant cannot commence an action during that period due to a disability described in section 2305.16 of the Revised Code [i.e., minority or unsound mind], an action based on the product liability claim may be commenced within two years after the disability is removed.”
Both R.C. 2305.10(C)(4) and (C)(5) recognize that once a products-liability cause of action accrues, a plaintiff should have no less than two years in which to commence a suit. This recognition is consistent with R.C. 2305.10(A), the general products-liability statute of limitations, which states that, subject to certain exceptions (including those in R.C. 2305.10(C)), such a claim “shall be brought within two years after the cause of action accrues.”
Id. at ¶ 193-195. The court concluded, “When we look to [R.C. 2305.10(C)(4) and (C)(5)], we determine that a reasonable time to commence a suit in this situation should have been two years from the date of the injury.” Id. at ¶ 198.
{¶ 24} Therefore, the Groch court’s conclusion was based upon the products-liability statute of repose, not the products-liability statute of limitations. The majority, however, cherry-picks the statute-of-limitations discussion from Groch, while turning a blind eye to the true basis for the holding — the two-year time frame in the statute of repose. Accordingly, for the majority to state that Groch is an “analytical blueprint” is disingenuous to the analysis and holding of Groch.
*271 {¶ 25} Moreover, the majority’s reliance upon Adams v. Sherk, 4 Ohio St.3d 37, 446 N.E.2d 165, accords that decision more weight in deciding the current issue than is appropriate upon review. The Sherk court did hold that the plaintiff “must be afforded a reasonable time in which to bring her claim, i.e., one year after the discovery of the malpractice.” Id. at 40. But the determination that one year constituted a reasonable time was based upon this court’s holding in Melnyk v. Cleveland Clinic, 32 Ohio St.2d 198, 290 N.E.2d 916 (1972), that when foreign objects are negligently left inside a patient’s body after surgery, the one-year statute of limitations is tolled until the patient discovers, or by the exercise of reasonable diligence should have discovered, the negligent act. Melnyk, however, did not involve the enactment of a statute of repose. Accordingly, like Groch, Sherk fails to support the majority’s conclusion that the relevant statute of limitations should control what constitutes a reasonable time.
A Bright-Line Rule Defies R.C. 2305.131(A)(2)
{¶ 26} The majority’s determination that there is “no reason to look further than the enactments of the General Assembly to find a measure of reasonableness,” majority opinion, ¶ 13, is confusing in light of the fact that the majority fails to give any consideration to the General Assembly’s enactment of R.C. 2305.131(A)(2). Similar to the products-liability statute of repose, R.C. 2305.131(A)(2) provides for an extension of the ten-year period established in R.C. 2305.131(A)(1). Specifically, a claimant may commence a civil action to recover damages within two years from the date of the discovery of that defective and unsafe condition if the cause of action accrues less than two years prior to the expiration of the ten-year period. R.C. 2305.131(A)(2). Accordingly, for litigants affected by R.C. 2305.131(A)(2), the General Assembly has expressed the intent that two, not four, years is a reasonable time to pursue a vested right. The majority ignores this enactment by the General Assembly and allows Oaktree, whose claim is significantly more stale, double the amount of time to pursue its claim that those litigants subject to R.C. 2305.131(A)(2) have.
Legislative Intent of R.C. 2305.131
{¶ 27} Finally, the majority fails to give any consideration to the General Assembly’s specifically stated purpose and intent in enacting R.C. 2305.131. The General Assembly stated that R.C. 2305.131 “is a specific provision intended to promote a greater interest than the interest underlying the general four-year statute of limitations” of R.C. 2305.09. Am.Sub.S.B. No. 80, Section 3(B)(1), 150 Ohio Laws, Part V, 8028. Additionally, the General Assembly recognized that once construction professionals complete a project, they lose control over the project and no longer have the right to take action with respect to the project. Id. at 8029, Section 3(B)(2). Further, the General Assembly was cognizant of the *272 issues involving stale litigation, such as the availability of evidence and witnesses and the burdens associated with the maintenance of records pertaining to construction services. Id. at Section 3(B)(3). Accordingly, in enacting R.C. 2305.131, the General Assembly sought to “strike[ ] a rational balance between the rights of prospective claimants and the rights of design professionals, construction contractors, and construction subcontractors.” Id. at Section 3(B)(5).
Ott & Associates Co., L.P.A., Steven M. Ott, Amanda L. Aquino, and Nicole D. LeClair, for appellant.
{¶28} The majority’s analysis is devoid of any discussion of the General Assembly’s specifically stated purpose and intent. By failing to discuss and harmonize the purpose and intent of R.C. 2305.131 with its holding, the majority is perpetuating the exact concerns that the General Assembly sought to avoid with the enactment of R.C. 2305.131. Therefore, by decreeing that R.C. 2305.09 prescribes a “reasonable time,” the majority is advancing its own policy of the statute, which we should not do. “[A] court has nothing to do with the policy or wisdom of a statute. That is the exclusive concern of the legislative branch of the government.” State ex rel. Bishop v. Mt. Orab Village School Dist. Bd. of Edn., 139 Ohio St. 427, 438, 40 N.E.2d 913 (1942).
Conclusion
{¶ 29} In determining “reasonable time,” we must balance a party’s vested right with the enactment of R.C. 2305.131 and its intent and purpose. Based upon the foregoing, I believe that this would be achieved by concluding that a reasonable time should be determined as a matter of law based on the particular facts of each case.
{¶ 30} In this case, I would conclude that Oaktree did not seek to enforce its vested right within a reasonable time. Oaktree was placed on notice of its claims against Hallmark on October 31, 2003. On April 7, 2005, R.C. 2305.131 took effect. Oaktree filed its first complaint against Hallmark on December 16, 2005. This action was voluntarily dismissed by Oaktree on August 30, 2006. Oaktree refiled the complaint on August 30, 2007, allowing another year to pass before seeking to enforce its vested right. The delay in seeking to enforce its vested right more than two years after the effective date of R.C. 2305.131, almost four years after being placed on notice of its claims, and 17 years after construction was completed was unreasonable. Accordingly, I would affirm the judgment of the court of appeals on other grounds.
O’Donnell and French, JJ., concur in the foregoing opinion.
*273 Davis & Young, Patrick F. Roche, and Beverly A. Adams, for appellee Hallmark Building Company.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Kara Herrnstein, urging affirmance for amicus curiae, Ohio Alliance for Civil Justice.