48

GREGORY, APPELLEE, *v.* FLOWERS, ADMINISTRATOR, BUREAU
OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.

[Cite as Gregory v. Flowers (1972), 32 Ohio St. 2d 48.]

(No. 71-782—Decided November 29, 1972.)

*Messrs. Howdyshell & Dodd, Mr. Robert J. Dodd, Jr.,* and *Messrs. Barkan, Barkan & Neff,* for appellee.

*Messrs. Power, Jones & Schneider* and *Mr. William R. White,* for appellant General Telephone Company of Ohio.

*Mr. William J. Brown,* attorney general, and *Mr. I. Russell Suskind,* for appellant Jay C. Flowers, Administrator, Bureau of Workmen's Compensation.

50

HERBERT, J. Section 35, Article II of the Ohio Constitution, authorizes the enactment of laws establishing, administering and regulating a state workmen's compensation fund. Under its provisions, such laws may determine both the "terms and conditions upon which payment shall be made [from the fund]." In accordance with that language, the General Assembly enacted R. C. 4123.84, which, until December 11, 1967, permitted the payment of compensation on meritorious claims against the fund, if "* * * within two years after the injury or death:

"(1) Written application has been made to the Industrial Commission or the Bureau of Workmen's Compensation * * *."

The General Assembly also enacted R. C. 4123.52, which, prior to its amendement, effective December 11, 1967, provided:

"The jurisdiction of the Industrial Commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the ten year period in this section * * *."

The effects of these two sections were examined in *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177, 224 N. E. 2d 751. The syllabus in that case states:

"An injured employee, who, after filing a claim within time and being awarded compensation or benefits, files an application for modification of that award more than two years after the original injury occurred in order to secure compensation for a subsequently developing disability directly caused by an injury sustained in the original accident but not described in the original application, is not barred of his right to continue to participate in the State Insurance Fund by virtue of Section 4123.84, Revised Code, which provides that claims for compensation for injuries are barred unless application is made to the Industrial Commission within two years after the injury, so long as such application for modification is filed within the ten-year period provided by Section 4123.52, Revised Code. (Parapraph two of the syllabus of *State, ex rel. Kresge Co.,* v. *Industrial Commission,* 157 Ohio St. 62, approved and followed; *State, ex rel. Bernhardt,* v. *Industrial Commission,* 127 Ohio St. 582, overruled; and any portions of the *per curiam* opinion in *Miller* v. *Spicer Mfg. Co.,* 159 Ohio St. 571, which are inconsistent with the syllabus in this case overruled.)"

Under *Kittle* v. *Keller,* appellee would be entitled to compensation from the state workmen's compensation fund, since he filed his original application within two years of his injury.

However, on December 11, 1967, the General Assembly enacted major amendments to R. C. 4123.84 and R. C. 4123.52. R. C. 4123.84 was altered to bar all claims for compensation or benefits unless, within two years after the injury or death:

"(1) *Written notice of the specific part or parts of the body claimed to have been injured* has been made to the Industrial Commission or the Bureau of Workmen's Compensation * * *." (Emphasis added.)

Furthermore, the General Assembly prescribed that: "*Any claim pending* before the administrator of the Bureau of Workmen's Compensation, a board of review, the Industrial Commission, or a court *on December 11, 1967,* in

which the remedy is affected by Section 4123.84 of the Revised Code *shall be governed by the terms of this section."* (Emphasis added.)

In amending R. C. 4123.52, the General Assembly provided:

"The jurisdiction of the Industrial Commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. *No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits,* after six years from the date of injury in the absence of the payment of compensation for total disability under Section 4123.56 of the Revised Code, except in cases where compensation has been paid under Section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor *unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in Section 4123.84 * * *.* This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section." (Emphasis added.)

On the facts found below in the instant case, and under the interpretive decision in *Kittle* v. *Keller, supra* (9 Ohio St. 2d 177), these amendments, especially those to R. C. 4123.84, had the effect of destroying appellee's existing right to seek and be awarded compensation for his back injury.

Appellee contends that such a result is precluded by Section 28, Article II of the Ohio Constitution, which states:

"The General Assembly shall have no power to pass retroactive laws * * *."

Despite the general nature of this provision, this court has long adhered to the accepted theory that its ban against retroactive legislation is applicable solely to sub-

stantive, as opposed to remedial, laws. *Rairden v. Holden* (1864), 15 Ohio St. 207.[1] *Smith v. New York Central Rd. Co.* (1930), 122 Ohio St. 45, 170 N. E. 637; *State, ex. rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537, 9 N. E. 2d 505; *State, ex rel. Crotty,* v. *Zangerle* (1938), 133 Ohio St. 532, 14 N. E. 2d 932; *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 228 N. E. 2d 621.

R. C. 4123.84 is a statute of limitation. It prescribes a time limitation for certain rights of action which lie under R. C. Chapter 4123. See *State, ex rel. Carr,* v. *Indus. Comm.* (1935), 130 Ohio St. 185, 198 N. E. 480. By reason of that fact alone, it could be argued that the following, at page 48 in the opinion in *Smith v. New York Central Rd. Co.,* *supra,* would appear to mandate our reversal here:

"The case concerns the statute of limitations, and concededly relates to the remedy. This has been so often decided that elaborate citation of authority is unnecessary. * * *"

However, our present problem is not so easily settled, nor was the one facing the court in *Smith.* Continuing at page 48, the opinion in that case states:

"Except where constitutional provisions expressly forbid, the Legislature has power to make, amend, and repeal laws relating to the remedy, and make the same applicable, not only to existing causes of action, in which suits have not been instituted, but even in pending suits. Section 28 of Article II of the Ohio Constitution denies to the General Assembly the power to pass retroactive laws. *It has, however, been decided in numerous cases that retroactive laws refer to those* which create and define substantive rights, and *which either give rise to, or take away, the right to sue or to defend actions at law.* It has been further declared at numerous times that a statute which is remedial in its operation on rights, obligations, duties, and interests already existing is not within the mischiefs against which that clause of the Constitution was intended

[1]Even before *Rairden,* this court had occasion to discuss the basic proposition involved. See *Hayes* v. *Armstrong* (1835), 7 Ohio 248, 249.

to safeguard, and the remedial statutes do not even come within a just construction of its terms. * * * Under these well-settled rules of interpretation, there is no constitutional inhibition in the state of Ohio against the enactment of laws relating to the remedy and against making them applicable to pending actions and existing causes of action. This gives rise to the further question whether a cause of action existing at the time of the amendment of a remedial statute is a vested right. *If it is such vested right, it could not, in any event, be taken away altogether.* On the theory that a right to sue once existing becomes a vested right, and cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, *provided such limitation still leaves the claimant a reasonable time within which to enforce the right. * * *"* (Emphasis added.)

As can be seen, the court in *Smith* struggled with the difficult dogma of the day which commanded that a "right to sue" is a vested substantive one, which the Constitution protects, but that a statute which operates to destroy that right is only remedial and, hence, may be employed practically at will. The court did gag, slightly, at the prospect of an instantaneous retroactive extinguishment of a "vested right," and succeeded in unearthing a 90-day effective date for the new statute of limitation in that case. This was not a part of the enactment itself, and it is difficult to perceive how the parties in that case would have been expected to know of an unpublished enactment. Nevertheless, the court concluded that since the claimant in the case had had 90 days in which to file his action under the repealed law, "a reasonable time in which to enforce" his right had been allowed and his "vested right" had been constitutionally hatcheted.

While we need not disturb the settled doctrine that statutes of limitation are remedial or procedural in nature, it is time to note that both our courts and the General Assembly have departed from the semantic fog of wither-

ed precedent in this area of the law and have arrived at a modern and, hopefully, more logical point of view.

We begin with *Payne* v. *Keller* (1969), 18 Ohio App. 2d 66, affirmed without opinion, October 1, 1969, and the policy which it embodies. The syllabus in that case states:

"1. Section 28 of Article II of the Ohio Constitution prohibiting retroactive laws applies to laws *affecting substantive* rights, not to laws of a remedial nature providing rules of practice, courses of procedure or methods of review.

"2. The right to a possible increase in compensation under the Workmen's Compensation Act is a *substantive* right.

"3. The amendment of Section 4123.84 (A)(1), Revised Code (132 Ohio Laws 1432), effective December 11, 1967, *affects* a substantive right and applies only to claims for compensation and applications for modification of awards filed after its effective date." (Portions of emphasis added.)

In holding as it did, *Payne* v. *Keller* controverted a view of statutes of limitation which dominated our judicial process long after its inadequacies had been laid bare.[2] Whatever the cause for the initial classification of statutes of limitation as procedural or remedial, and under whatever circumstances it was first actually done,[3] the effects of their increasingly automatic characterization as such have proved burdensome in many respects.[4] For example, while such statutes are procedural in the sense that they regulate the time within which litigation must be commenced, they also smack of substance because they operate to extinguish a party's accrued right to seek recovery.[5] One authority would

---

[2] 1 Chamberlayne, Modern Law of Evidence, 215, Section 170.

[3] See Jackson, J., dissenting in *Wells* v. *Simonds Abrasive Co.* (1953), 345 U. S. 514, 523. But compare Ehrenzweig, Conflicts in a Nutshell (2 Ed), 90, Section 21-1.

[4] Chamberlayne, *op. cit.*, 213, 214, Sections 167-169.

[5] See, for instance, *State, ex rel. Carr,* v. *Indus. Comm.* (1935), 130 Ohio St. 185, 187; *McVeigh* v. *Fetterman* (1917), 95 Ohio St. 292, 116 N. E. 518; *Pittsburgh, Cincinnati & St. Louis Ry. Co.* v. *Hine* (1874), 25 Ohio St. 629,

go so far as to abolish any attempted distinction whatsoever:

"* * * The distinction between substantive and procedural law is artificial and illusory. In essence, there is none. The remedy and the predetermined machinery, so far as the litigant has a recognized claim to use it, are, legally speaking, part of the right itself. A right without a remedy for its violation is a command without a sanction, a *brutem fulmen, i. e.,* no law at all. While it may be convenient to distinguish between the right or liability, the remedy or penalty by which it is enforced, on the one hand, and the machinery by which the remedy is applied to the right, on the other, *i. e.,* between substantive law and procedural law, it should not be forgotten that so far as either is law at all, it is the litigant's right to insist upon it, *i. e.,* it is part of his right. In other words, it is substantive law."[6]

As can be seen from the older cases, an unwillingness to attach significance to the *effect* of the retroactive application of some statutes of limitation often caused courts to develop elaborate academic theories in order to reach the semblance of an equitable result. In at least one instance, a statute of limitation was even ignored.[7] As heretofore noted, in *Smith* v. *New York Central Rd. Co., supra* (122 Ohio St. 45), while the court recognized a statute of limitation as remedial, it conceded that when a new limitation is made to apply to existing rights or causes of actions, a reasonable time must still be allowed in which such rights may be asserted. See, also, *Magruder* v. *Esmay* (1878), 35 Ohio St. 221; *Bartol* v. *Eckert* (1893), 50 Ohio St. 31, 33 N. E. 294; *United States Rubber Co.* v. *McManus* (1947), 211 S. C. 342, 45 S. E. 2d 335; *Rosefield Packing Co.* v. *Superior Court of San Francisco* (1935), 4 Cal. 2d 120, 47 P. 2d 716.

---

[6]Chamberlayne, *op. cit.,* at 217. Upon a point with which we are not here involved, see Cook, "Substance" and "Procedure" in the Conflict of Laws, 42 Yale L. J. 333.

[7]See *Kirby* v. *Lake Shore & Michigan Southern Rd. Co.* (1887), 120 U. S. 130, where the Supreme Court disregarded a statute of limitation which it deemed inequitable to apply.

In our opinion, the reasons that once existed for ignoring the very substantive effects of retroactively applying some statutes of limitation have long since vanished. The doctrine that compelled such thinking was perhaps congenial to the jurisprudential climate of that time. Once established, however, "jurisprudential momentum"[8] kept it going in this state until our affirmance in *Payne* v. *Keller, supra.*[9]

---

[8] *Guaranty Trust Co.* v. *York* (1945), 326 U. S. 99, 103.

[9] The difficulty in attempting to clearly and consistently distinguish between the two on a purely remedial-substantive basis arises from treating matters of "substance" and matters of "procedure" as though they defined a great divide cutting across the whole domain of law.

"* * * But, of course, 'substantive' and 'procedure' are the same key-words to very different problems. Neither 'substance' nor 'procedure' represents the same invariants. Each implies different variables depending upon the particular problem for which it is used. See *Home Ins. Co.* v. *Dick*, 281 U. S. 397, 409. And the different problems are only distantly related at best, for the terms are in common use in connection with situations turning on such different considerations as those that are relevant to questions pertaining to *ex post facto* legislation, the impairment of the obligations of contract, the enforcement of federal rights in the state courts and the multitudinous phases of the conflict of laws. See, e. g., *American Railway Express Co.* v. *Levee*, 263 U. S. 19, 21; *Davis* v. *Wechsler*, 263 U. S. 22, 24-25; *Worthen Co.* v. *Kavanaugh*, 295 U. S. 56, 60; *Garrett* v. *Moore-McCormack Co.*, 317 U. S. 239, 248-49; and see Tunks, Categorization and Federalism: 'Substance' and 'Procedure' After Erie Railroad v. Thompkins (1939), 34 Ill. L. Rev. 271, 274-276; Cook, Logical and Legal Bases of Conflict of Laws (1942), 163-165." Frankfurter, J., in *Guaranty Trust Co.* v. *York* (1945), 326 U. S. 99, 108. See, also, Frankfurter, J., dissenting in *Sibbach* v. *Wilson & Co.* (1941), 312 U. S. 1.

Many courts have erred in proceeding upon an assumption that the supposed dividing line between the two categories has some kind of objective existence upon one side or the other of which a set of facts must always fall. Decisions, expressed in terms of locating a pre-existing line instead of where the line ought to be drawn, have lent themselves immeasurably to the confusion which reigns in this whole area of law. No consistent attempt has been made to attribute distinctions to the fact that they are actually drawn, as Cook, *supra*, at page 341, suggests, not from a "jurisprudence of conceptions" but "for a number of different purposes, each involving its own social, economic, or political problems." For example, Cook opines, at page 343, in

The General Assembly took a significant policy step in this same area on January 3, 1972. R. C. 1.20, which authorized the application of amended statutes retroactively to existing causes of action, was repealed and R. C. 1.58 enacted in its place. As pertinent to this discussion, the new section states:

"(A) The * * * amendment * * * of a statute does not * * *:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder * * *."[10]

The statutory right to file an application for modification of an award, which right arose by operation of the workmen's compensation laws of this state, is a substantive right which accrues at the time of the claimant's injury; and when the retroactive application of a statute of limitation operates to destroy that right, such application conflicts with Section 28, Article II of the Ohio Constitution. Contrary to this determination, appellee's right to seek and be awarded compensation, upon a modification application properly filed under the statutes and our decision in *Kittle* v. *Keller, supra* (9 Ohio St. 2d 177), was purportedly destroyed by the 1967 amendment to R. C. 4123.84. Consequently, the last paragraph of R. C. 4123.84, as amended December 11, 1967, and which provides that "[a]ny claim pending before the administrator of the Bu-

---

"* * * dealing with the constitutionality of retroactive laws, it seems clear that the idea underlying the use of the distinction is, that while it would not be fair to individuals to alter their so-called 'vested substantive rights' by subsequent legislative enactment, it is not to be expected that the 'machinery for the enforcement' of those rights will remain unaltered. The precise meaning to be given to 'substance' and to 'procedure' ought, therefore, to be determined in the light of this underlying purpose to be fair to the individuals concerned * * *."

Such practical considerations have been neglected all too frequently in the haste to find a ready made definition that will fit the facts of developing problems.

[10]See, also, Civ. R. 86.

reau of Workmen's Compensation, a board of review, the Industrial Commission, or a court on December 11, 1967, in which the remedy is affected by Section 4123.84 of the Revised Code shall be governed by the terms of this section," operates to destroy an accrued substantive right which arose by virtue of the workmen's compensation laws of this state and such operation of that paragraph is, therefore, unconstitutional and void.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, CORRIGAN, STERN and BROWN, JJ., concur.

LEACH, J., concurring in judgment. Here, as contrasted with *Cochran* v. *Flowers, post,* 32 Ohio St. 2d 61, and with *Payne* v. *Keller* (1969), 18 Ohio App. 2d 66 (affirmed by this court without opinion, October 1, 1969), the application for modification was filed subsequent to the amendment of R. C. 4123.84, effective December 11, 1967.

I agree that under the holdings of *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177, and *Payne, supra,* the right to a possible increase in compensation is a substantive right, subject to the provisions of Section 28, Article II of the Ohio Constitution prohibiting the enactment of "retroactive laws."

A statute of limitations limiting the time for the assertion of such substantive right to a judicial or quasi-judicial tribunal, however, concerns procedure. In my opinion, such a procedural right is subject to the provisions of Section 28, Article II of the Ohio Constitution, only to the extent that any reduction in the time within which such a substantive right may be asserted must allow a reasonable time for such assertion after the effective date of the change of the law.

Here, the amendment of R. C. 4123.84, effective December 11, 1967, as applied to the facts in this case, would have terminated appellee's right to assert a claim for injury to his lower back as of January 1961, a date long since passed. Even if this court were to hold that the

amendment is effective only as to applications filed on and after December 11, 1967 (a holding which would appear to be in conformity with that of *Payne*), such an interpretation would result in the complete destruction of appellee's substantive right herein as of December 11, 1967, without according him any reasonable period of time after the effective date of the new law for the assertion of his existing substantive right. It is upon this basis that I concur in the judgment herein.

I regret, however, that I am unable to ascertain from the opinion of the majority whether its holding herein is limited to cases where the existing substantive right is, in effect, abolished, without a reasonable opportunity for filing a claim therefor after the effective date of the change; or whether the court is holding that any reduction of a ten-year statute of limitations, as it existed at the time of injury, is unconstitutional. If the latter be the effect of the court's holding, I am in strong disagreement.

Moreover, I must concede that even under my reasoning we are required to modify the holding of this court in *Smith* v. *New York Central Rd. Co.* (1930), 122 Ohio St. 45, 51. While the court stated that "the Legislature is free to act in remedial legislation, subject only to the requirement that any change which may possibly affect vested rights should give a reasonable time within which to enforce such rights," the court therein held that the time lapse of 90 days between the date of passage of the amended law and its effective date was sufficient to comply with such a requirement. I would hold that amendatory legislation of this nature, relating to procedure, must accord a reasonable time *after the effective date of the amendment*, for the assertion of existing substantive or vested rights.