SCHNEIDER ET AL., APPELLANTS, *v.* JEFFERSON SMURFIT CORPORATION, APPELLEE.

(No. C-870502—Decided June 22, 1988.)

Lindhorst & Dreidame, Thomas M. Tepe and Mark A. MacDonald, for appellants.

Frost & Jacobs, Walter E. Haggerty and F. Robert Radel, for appellee.

UTZ, J. On May 14, 1985, plaintiff-appellant William O. Schneider, an employee of defendant-appellee Jefferson Smurfit Corporation, was injured while operating a paper-roll cutting machine in the course of his employment. Company regulations required Schneider to place a steel pipe through the core of each paper roll prior to cutting, to make certain that no plugs remained in the core. Schneider alleged that although he had followed the company procedure on May 14, during the cutting process he was struck in the face by a plug and was injured.

On May 19, 1986, appellants (Schneider and his wife) brought suit for an intentional tort and loss of consortium against appellee under *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572. Appellee filed a motion to strike appellants' jury demand and prayer for damages, arguing that appellants were not entitled to a jury trial pursuant to the retroactive application of a certain provision of R.C. 4121.80, which became effective on August 22, 1986. Appellee also filed a motion for summary judgment, arguing that appellants' claim was barred by the retroactive application of two additional provisions of R.C. 4121.80: one that imposes a new definition of "intentional" and another that imposes a shortened statute of limitations for intentional-tort actions.[1] The trial

---

[1] The divisions of R.C. 4121.80 relevant to this decision read as follows:

"(A) If injury, occupational disease, or death results to any employee from the in-

court granted both motions without an opinion.

On appeal, appellants raise two assignments of error. In the first assignment of error, they assert that the trial court erred in granting appellee's motion for summary judgment. The first issue raised is whether the new, more difficult standard for the "intent" requirement of an intentional tort set forth in R.C. 4121.80(G) may properly be applied retroactively to actions such as the case *sub judice* that arose prior to the effective date of the statute. Both this court and the Supreme Court of Ohio have held that the retroactive application of this aspect of the newly enacted law violates Section 28, Article II of the Ohio Constitution.[2] *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, paragraph four of the syllabus; *Walker* v. *Cincinnati Electronics Corp.* (Jan. 27, 1988), Hamilton App. No. C-870314, unreported,[3] affirmed (1989), 43 Ohio St. 3d 156, ____ N.E. 2d ____.

The second issue raised under the first assignment of error is whether the new one-year statute of limitations was properly applied retroactively in

tentional tort of his employer, the employee or the dependents of a deceased employee have the right to receive workers' compensation benefits under Chapter 4123. of the Revised Code and have a cause of action against the employer for an excess of damages over the amount received or receivable under Chapter 4123. of the Revised Code and Section 35, Article II of the Ohio Constitution or any benefit or amount, the cost of which has been provided or wholly paid for by the employer. * * * Any action pursuant to this section shall be brought within one year of the employee's death or the date on which the employee knew or through the exercise of reasonable diligence should have known of the injury, disease, or condition, whichever date occurs first. * * *

"* * *

"(D) In any action brought pursuant to this section, the court is limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If the court determines that the employee or his estate is entitled to an award under this section and that determination has become final, the industrial commission shall, after hearing, determine what amount of damages should be awarded. * * *

"* * *

"(G) As used in this section:

"(1) 'Intentional tort' is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.

"Deliberate removal by the employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may be rebutted, of an act committed with the intent to injure another if injury or an occupational disease or condition occurs as a direct result.

"'Substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death.

"* * *

"(H) This section applies to and governs any action based upon a claim that an employer committed an intentional tort against an employee pending in any court on the effective date of this section and all claims or actions filed on or after the effective date, notwithstanding any provisions of any prior statute or rule of this state."

[2] Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass retroactive laws * * *." The section has been interpreted to prevent the retroactive application of only those laws that affect substantive (as opposed to procedural) rights arising prior to the law's effective date. See *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, 61 O.O. 2d 295, 290 N.E. 2d 181.

[3] The issue of whether summary judgment would be proper based upon the law in effect prior to the enactment of R.C. 4121.80 was not raised in the trial court and thus will not be addressed by this court.

this case. We note that under prior law, the applicable limitation period was two years and that appellants' action was timely filed under that statute. See R.C. 2305.10; *Walker, supra.* However, if the one-year statute of limitations contained in R.C. 4121.80(A) is applied retroactively, appellants' claim is time-barred.

In *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, 61 O.O. 2d 295, 290 N.E. 2d 181, the court held at paragraph three of the syllabus that "[w]hen the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution." We find that because the shortened statute of limitations in R.C. 4121.80(A) would extinguish appellants' accrued right of action, its retroactive application in this case is unconstitutional. The first assignment of error is sustained.

In the second assignment of error, appellants assert that the trial court erred by granting appellee's motion to strike. The motion was based upon the retroactive application of R.C. 4121.80 (D), which appellants argue unconstitutionally deprived them of the right to a jury trial and the corresponding right to have a jury determine damages. R.C. 4121.80(D) provides that a court is permitted to determine the liability of an employer for an intentional tort, but does not confer upon a plaintiff-employee the right to have the issue of employer liability determined by a jury.

Section 5, Article I of the Ohio Constitution preserves the right to a jury trial only in cases where the right existed prior to the adoption of this constitutional provision. See *State, ex rel. Kear,* v. *Court of Common Pleas* (1981), 67 Ohio St. 2d 189, 21 O.O. 3d 118, 423 N.E. 2d 427. However, the prior common law did recognize the right to a jury in actions for bodily harm, which include the present-day intentional tort action. See *Palcich* v. *Mar Bal, Inc.* (Dec. 24, 1987), Geauga App. No. 1394, unreported. Therefore, appellants are entitled to a trial by jury under Section 5, Article I. Since the right to a jury trial is substantive and not merely procedural, *Cleveland Ry. Co.* v. *Halliday* (1933), 127 Ohio St. 278, 188 N.E. 1, R.C. 4121.80(D) may not be applied retroactively to extinguish the right without violating Section 28, Article II of the Ohio Constitution. The second assignment of error is sustained.

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this decision and law.

*Judgment reversed and cause remanded.*

HILDEBRANDT, P.J. and DOAN, J., concur.