OPINION
This appeal arises from the trial court's judgment entry denying Appellant's second petition for postconviction relief. For the following reasons, we affirm the trial court's decision.
On December 23, 1965, Appellant, Samuel Buoscio, was arraigned for violation of former R.C. § 2901.241, assault with a dangerous weapon or instrument, and pled not guilty. On May 5, 1966, Appellant waived his right to a jury trial and a bench trial commenced. The following day Appellant was found guilty. Following psychiatric evaluation, the court sentenced Appellant to five years probation. Appellant's probation was revoked and reinstated several times over the course of the sentence. Appellant filed no direct or delayed appeal of this conviction.
On November 16, 1992, Appellant filed his first petition seeking postconviction relief, which claimed ineffective assistance of counsel and requested an evidentiary hearing. The State of Ohio filed a motion to dismiss the petition based on Civ.R. 12 (B) (6) for failure to state a claim upon which relief could be granted. In April of 1993, the trial court filed a Judgment Entry with Findings of Fact and Conclusions of Law overruled the petition. The trial court relied on State v.Jenkins (1987), 42 Ohio App.3d 97, 100, for the proposition that the doctrine of res judicata precludes a defendant from raising in his petition for postconviction relief any issue, including ineffective assistance of counsel, that could have been raised on direct appeal. The court ruled that although Appellant provided a docket transcript and his own affidavit, he did not provide the court with sufficient operative facts to demonstrate that he was precluded from raising the issue of ineffective assistance of counsel on direct appeal. The court found that Appellant's petition was barred by res judicata and that the State of Ohio's motion to dismiss was well taken.
Appellant filed a notice of appeal from this lower court judgment. Appellant argued that he was improperly denied a hearing on his petition and that the trial court erred in granting the State's motion to dismiss. In State v. Buoscio (Jan. 22, 1997), Mahoning App. No. 93 CA 88, unreported, we held that the trial court erroneously based its judgment on the State's Civ.R. 12 (B) (6) motion, as res judicata may not be raised under this rule. However, we affirmed the trial court's decision explaining that if a trial court states an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct on other grounds. We held that Appellant failed to demonstrate any evidence outside of the trial record to support his claim of ineffective assistance of counsel, and thus his claim could have been brought on direct appeal. Accordingly, Appellant's claim was barred by the doctrine of res judicata.
The docket transcript indicates that on November 18, 1997, Appellant filed a second petition for postconviction relief pursuant to R.C. § 2953.21. However, the record before us includes neither the original nor a copy of this petition. The only basis in trial record for our understanding of Appellant's second petition is the trial court's Judgment Entry and Findings of Fact and Conclusions of Law filed on December 3, 1997. According to this entry, Appellant sought to vacate his 1966 conviction because it was used for sentence enhancement purposes in a 1991 criminal conviction. The judgment entry also indicates that Appellant attached an affidavit of support and that Appellant requested the appointment of counsel.
The trial court dismissed Appellant's petition as time barred pursuant to R.C. § 2953.21(A)(2). This statute provides that a petition for postconviction relief must be filed no later than one hundred eighty (180) days after the expiration of the time for filing an appeal if no direct appeal is taken. The trial court also stated that to support his claim, Appellant offered only his self-serving affidavit, which is insufficient. The trial court also denied Appellant's request for appointed counsel as there is no constitutional right to have counsel appointed in a postconviction proceeding.
On January 7, 1998, Appellant filed his notice of appeal. In this appeal, Appellant raises three assignments of error. Appellant's first assignment alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF BY APPLYING THE STATUTE OF LIMITATIONS IN THE NEW POST CONVICTION STATUTE, R.C. § 2953.21(A) (2) AND IN APPLYING SUCH STATUTE OF LIMITATIONS WHEN THE DEFENDANT WAS CONVICTION [sic] PRIOR TO THE ENACTMENT OF THE NEW STATUTE RESULTS IN THE STATUTE BEING APPLIED IN A MANNER THAT IS RETROACTIVE LEGISLATION."
Appellant argues that application of the one hundred eighty (180) day statute of limitations under R.C. § 2953 (A) (2), as amended, is unconstitutional as applied because there must be a clear legislative intent that the statute is intended to apply retroactively. Appellant contends that the statute as amended contains no express provisions regarding its applicability to defendants who were previously convicted. Appellant further argues that he was denied notice which would have allowed him the opportunity to comply with the new law and that he relied on the old law which imposed no time constraints on these petitions.
R.C. § 1.48 states that, "Statutes are presumed to apply only prospectively unless specifically made retroactive." Section28, Article II of the Ohio Constitution reads in relevant part, "The general assembly shall have no power to pass retroactive laws * * *. To determine whether R.C. § 2953.21 (A) (2) complies with these mandates, we undertake a two-part analysis. First, we must determine whether the legislature specified that the statute apply retroactively. Van Fossen v. Babcock WilcoxCo. (1988), 36 Ohio St.3d 100, paragraph one of the syllabus. The uncodified law pertaining to R.C. § 2953.21 reads:
 "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A) (2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
1995 S 4, § 3, eff. 9-21-95.
As the legislature intended the time limitations within it to apply retrospectively, we must next determine whether the provisions of R.C. § 2953.21(A)(2) violate Section 28, Article II of the Ohio Constitution, by ascertaining whether that statute is substantive or merely remedial. Van Fossen, supra, paragraph three of the syllabus.
Generally, a statute of limitations is remedial in nature.Gregory v. Flowers (1972), 32 Ohio St.2d 48, paragraph one of the syllabus. However, "[w]hen the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution." Id., paragraph three of the syllabus.
In the case at bar, Appellant had a statutory right to bring a cause of action for postconviction relief under R.C. §2953.21 prior to amendment. However, "* * * it does not conclusively follow that the time within which the right [to a cause of action] may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a reasonable time within which to enforce the right."Gregory, supra, 54.
Here, the imposition of the time limit clearly shortened the time within which Appellant was permitted to file his petition for relief. As evidenced by the uncodified law, however, the statute as amended provided Appellant one year from its enactment within which to file his petition. This was a reasonable time in which Appellant could have asserted his right to petition the lower court. We hold, then, that R.C. § 2953.21(A)(2) is not unconstitutionally retroactive.
R.C. § 2953.21(A)(2) provides that, "* * * [i]f no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant was convicted in 1966 and made no direct or delayed appeal. More than thirty years have passed from the date of his conviction to the first filing of his petition for relief and Appellant filed his second petition for postconviction relief more than one year after the effective date of amended R.C. §2953.21. Without question, this petition was untimely and the trial court correctly dismissed it. Thus, Appellant's first assignment of error lacks merit.
Appellant's second and third assignments of error allege:
 "THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO ADVISE HIM THAT HE COULD WITHDRAW HIS JURY TRIAL WAIVER ANYTIME BEFORE THE COMMENCEMENT OF THE TRIAL THEREBY EFFECTIVELY PREVENTING THE DEFENDANT FROM WITHDRAWING HIS JURY TRIAL WAIVER."
 "DEFENDANT'S THIRTY YEAR OLD PLEA BASED CONVICTION MUST BE REVERSED BECAUSE THE PLEA WAS NOT VOLUNTARY, KNOWING, AND INTELLIGENT IN THAT HIS ATTORNEY ENTERED THE GUILTY PLEA AND PETTIIONER [sic] DID NOT UNDERSTAND WHAT WAS BEING DONE, OR ITS IMPORT AND DID NOT
 ACQUIESCES [sic] WHEN HIS ATTORNEY ENTERED THE GUILTY PLEA."
As we have ruled that Appellant's petition was properly dismissed, Appellant's second and third assignments of error are rendered moot by our disposition of Appellant's first assignment of error. As such, we are not required to determine the merits of the second and third assignments of error and decline to do so. App.R. 12(A)(2). However, a cursory review of Appellant's arguments and the record before us indicates that his claims revolve around matters which Appellant could have and should have brought on direct appeal. Therefore, his arguments would also be barred by res judicata. State v. Jenkins (1987), 42 Ohio App.3d 97,100.
For the foregoing reasons, we affirm the decision of the trial court.
Cox, P.J., concurs.
Vukovich, J., concurs.
 APPROVED: _______________________ CHERYL L. WAITE, JUDGE