OPINION
On February 26, 1999, appellants, Raymond and Kathleen Occhionero, filed a complaint against James Edmunson and appellee, the Lubrizol Corporation. Appellants had previously filed an identical complaint on June 6, 1997 and voluntarily dismissed it on March 20, 1998. Appellants raised nine causes of action stemming from two alleged assaults, occurring on June 13, 1996 and September 20, 1996, perpetrated by James Edmunson against Raymond Occhionero while both were employed by Lubrizol, during work hours. The first two causes of action alleged that Lubrizol was liable because Mr. Edmunson acted within the scope of his employment. The third, forth, fifth, sixth, and ninth causes of action alleged that Lubrizol was guilty of an intentional tort because of its failure to provide a safe working environment by continuing to employ Mr. Edmunson while knowing that he presented an unreasonable risk of harm to other employees.[1]
On April 29, 1999, appellee filed a motion to dismiss for failure to state a claim and for judgment on the pleadings. It claimed that appellants' causes of action were barred by the statute of limitations, that an employer was not responsible for an unprovoked attack by one employee on another, and that appellants had not properly plead their causes of action. Appellants responded that they alleged sufficient facts to withstand a Civ.R. 12(B)(6) and 12(C) motion and that the causes of action were timely under the savings clause, R.C. 2305.19, because they filed their second complaint within one year of the voluntary dismissal of the first.
On November 9, 1999, the trial court sustained appellee's motions and dismissed appellants' causes of action against Lubrizol. The trial court ruled that appellants had failed to plead their first and second causes of action with particularity, as required in a complaint against one's employer alleging a workplace injury based on the doctrine of respondeatsuperior. The trial court ruled that appellants' third, fourth, fifth, sixth, and eighth causes of action were barred by the statute of limitations because R.C. 2745.01 had been declared unconstitutional by the Supreme Court of Ohio. See Johnson v. B.P. Chemical, Inc. (1999),85 Ohio St.3d 298, 707 N.E.2d 1107.
In its entry, the trial court ruled that there was no just cause for delay, allowing appellants to file an immediate appeal. Appellants raise the following assignments of error:
 "[1.] The trial court erred to the prejudice of plaintiffs-appellants in granting defendant-appellee Lubrizol's motion to dismiss the first and second counts of plaintiff's complaint against Lubrizol under Civ.R. 12(B)(6).
 "[2.] The trial court erred to the prejudice of plaintiffs-appellants in dismissing plaintiffs' third, fourth, fifth, sixth and eighth causes of action as untimely under R.C. 2305.10."
 In their first assignment of error, appellants assert that they satisfied Civ.R. 12(B)(6) because they included a short, plain statement of their claim as required by Civ.R. 8(A). They argue that they were only required to plead their intentional tort claims with particularity, not their respondeat superior claims.
Under Ohio law, when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753, 756. A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural device for testing the sufficiency of the complaint and is confined to averments in the pleadings. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. Before a court can sustain a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. University CommunityTenants Union (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753, 755.
Civ.R 8(A), which governs most civil complaints, requires only that parties set forth a short plain statement of the claim showing that they are entitled to relief. Civ.R. 9 provides for more detailed pleading for certain matters, such as fraud. In Mitchell, citing the need to deter the number of baseless claims against employers, the Supreme Court of Ohio created a requirement that a plaintiff, bringing an intentional tort claim against an employer, must plead with particularity that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to the employee was substantially certain to result from the employer's act. The trial court relied upon Byrd v. Faber (1991),57 Ohio St.3d 56, 565 N.E.2d 584 to sustain appellee's motion to dismiss. Byrd held that, as with fraud claims and intentional tort claims against employers, greater specificity in pleading is required when a claim is brought against a religious institution for negligent hiring. To plead the intentional tort claim with particularity, appellants were required to do more than broadly allege that appellee had knowledge of possible danger, but had to offer operative facts showing the particularity of that knowledge. Cole v. T G Flying Club, Inc. (Dec. 6, 1996), Lake App. No. 96-L-029, unreported. Appellants raised causes sounding in both intentional tort and respondeat superior.
The causes of action that were dismissed for failure to state a claim were respondeat superior claims, not intentional tort claims. In therespondeat superior claims, appellants do not raise operative facts to support their allegations. Appellee argues that it would be "nonsense" to apply different pleading standards to a respondeat superior claim brought by an employee based on an intentional tort and an intentional tort claim against an employer. As cited by appellee, respondeatsuperior is the legal theory that an employer is derivatively responsible for the torts of his employee committed within the scope of employment.Osborne v. Lyles (1992), 63 Ohio St.3d 326, 329, 587 N.E.2d 825, 829. An intentional tort claim against an employer differs because it is an allegation that the employer is liable for its own action or inaction, not the actions of its employee. None of the authority cited by appellee supports the contention that appellants' intentional tort claims should be governed by the same standards as its respondeat superior claims. We see no reason to equate the two; thus, appellants' respondeat superior
claim is not subject to the same special pleading requirements as their intentional tort claims against appellee.
In their intentional tort causes of action, appellants alleged that: "[Lubrizol] had knowledge that [Edmuson] was unstable, violent, and prepared to cause injury to [Occhionero] and failed to take appropriate disciplinary action, including but not limited to the termination of Edmunson's employment"; required Occhionero to work with Edmuson; and, by so doing, "acted willfully, wantonly, intentionally, and deliberately in exposing [Occhionero] to a dangerous working condition which was substantially certain to result in harm to [Occhionero]." An employer may be liable for failing to take appropriate action where that employer knows or has reason to know that one of its employees poses an unreasonable risk of harm to other employees. Kerans v. Porter Paint Co. (1991), 61 Ohio St.3d 486, 491, 575 N.E.2d 428, 433. The operative facts alleged by appellants are sufficient to overcome the heightened pleading standard and appellants would be entitled to relief if they were able to prove their allegations. Therefore, appellants have sufficiently plead all of their causes of action. Appellants' first assignment of error has merit.
In their second assignment of error, appellants assert that the trial court erred by ruling that their claim was barred by the statute of limitations.
Under R.C. 2745.01 and R.C. 2305.112(A), which were in effect at the time appellants filed their second complaint, a one-year statute of limitation existed for "employment intentional tort" claims. Because R.C. 2745.01 was declared unconstitutional, we held that R.C. 2305.112(A), which contained the one-year statute of limitations, was ineffectual.Bare v. Warren Consolidated Industries (June 18, 1999), Trumbull App. No. 98-T-0133, unreported. Relying on Bare, the trial court determined that the two-year statute of limitations for bodily injury, set forth in R.C. 2305.10, applied to appellants' cause of action and the cause of action would proceed as if R.C. 2745.01 and R.C. 2305.112(A) never existed.
Appellants filed both their original and second complaints under the then existing one-year statute of limitations, before the decision inJohnson. The alleged injuries occurred in June and September 1996 and the original complaint was brought in June 1997, within the one year statute of limitations. The complaint was voluntarily dismissed on March 20, 1998, which was after the one-year statute of limitations under R.C.2305.112(A) expired, but still within the two-year statute of limitations provided in R.C. 2305.10. The trial court reasoned that appellants' cause of action would have been preserved under the R.C. 2305.19 savings clause under the pre-Johnson law because the complaint was voluntarily dismissed after the expiration of one year. However, because R.C. 2745.01 was ruled unconstitutional and was null and void ab initio, the trial court ruled that it was as if a two-year statute of limitations applied at all times. As such, the trial court ruled, at the time appellants dismissed their original complaint, the two year statute of limitations had not expired and appellants had, rather than an entire year to re-file, only until the expiration of the two-year statute of limitations to re-file.
Although the trial court was correct that Bare requires a two-year statute of limitations to be applied to the instant matter, it erred in the manner in which it applied that holding by barring appellants' claim. In Gregory v. Flowers (1972), 32 Ohio St.2d 48, 290 N.E.2d 181, the Supreme Court of Ohio has held that a "right to sue" becomes a vested substantive right once it accrues. Id. at 54, 290 N.E.2d at 185. A statute of limitations that is enacted which extinguishes a cause of action after it has accrued violates Section 28, Article II, Ohio Constitution. Id. at 55, 290 N.E.2d at 186.
Section 28, Article II prohibits the legislature from making retroactive laws, but does not apply to the judiciary. In Minter v.Wayne Mut. Ins. Co., (Aug. 7, 1998) Portage App. No. 95-P-0134, unreported, we held that: "[g]enerally, a decision of the Ohio Supreme Court that overrules prior decisions is retrospective in its operation, unless contractual rights have arisen or vested rights have been acquired under the prior decisions. Peerless Elec. Co. v. Bowers (1955),164 Ohio St. 209, 210, 129 N.E.2d 467." (Emphasis added.) Whether a statute of limitations is invalidated by a court decision or a legislative enactment, the result is the same. At all times during this cause, appellants complied with the procedural requirements known to them. It would be paradoxical for the Johnson decision, whose holding had the effect of protecting an employee's constitutionally protected rights, to extinguish those very rights by a procedural technicality rather than deciding a case on its merits. Appellants' second assignment of error has merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed and this cause remanded for further proceedings consistent with this opinion
 ___________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] Appellant's seventh cause of action, seeking a declaration that R.C. 2745.01 and 2305.112 are unconstitutional, and ninth cause of action, for breach of contract, are not part of the current appeal.