OPINION
{¶ 1} Defendant-appellant Dean Perez appeals his conviction entered by the Stark County Court of Common Pleas on one count of burglary, in violation of R.C. 2911.12(A)(2), following the trial court's finding appellant guilty after he entered a no contest plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 1, 2002, the Stark County Grand Jury indicted appellant on one count of burglary, based upon an event which occurred on October 25, 1994. Appellant entered a plea of not guilty at his arraignment. Subsequently, on May 14, 2002, appellant filed a Motion to Dismiss, asserting the charge was barred by the statute of limitations as set forth in R.C. 2901.13. Via Judgment Entry filed May 16, 2002, the trial court denied appellant's motion. Appellant appeared before the trial court on June 3, 2002, and withdrew his former plea of not guilty and entered a plea of no contest. The trial court found appellant guilty and sentenced him accordingly. The trial court memorialized the conviction and sentence via Judgment Entry filed June 4, 2002.
 {¶ 3} It is from this conviction appellant appeals, raising the following assignments of error:
 {¶ 4} "I. The trial court erred to the prejudice of the appellant in overruling his motion to dismiss the charges against him on ex post facto grounds in violation of Article I, Section 9 of the United States Constitution.
 {¶ 5} "II. The trial court erred to the prejudice of the appellant in overruling his motion to dismiss the charges against him on retroactive application grounds in violation of Article II, Section 28 of the Ohio Constitution."
 I. {¶ 6} In his first assignment of error, appellant asserts the trial court's application of the twenty year statute of limitations set forth in R.C. 2901.13, as amended March 3, 1999, was an unconstitutional violation of the Ex Post Facto Clause of the United States Constitution.
 {¶ 7} "Article I, Section 10 of the United States Constitution forbids the state from passing any ex post facto laws. To violate the ex post facto clause, the law must be retrospective so that it applies to events occurring before its enactment and it must disadvantage the person affected by altering the definition of criminal conduct or increasing the punishment for the crime." State v. Glande (Sept. 2, 1999), Eighth App. No. 73757, citing Lynce v. Mathis (1997), 519 U.S. 433, 117 S.Ct. 891,137 L.Ed.2d 63; Weaver v. Graham (1981), 450 U.S. 24, 29, 101 S.Ct. 960,67 L.Ed.2d 17. "The clause prohibits the enactment of any law that criminalizes conduct which was innocent and not punishable at the time it was committed; or that makes the crime more serious than it was when committed; or that inflicts a greater punishment than that prescribed at the time the crime was committed; or that alters the legal rules of evidence either by requiring less or different evidence in order to convict or by eliminating a defense available when the crime was committed." Id., citing Beazell v. Ohio (1925), 269 U.S. 167,46 S.Ct. 68, 70 L.Ed. 216; Calder v. Bull (1798), 3 Dall. 386, 1 L.Ed. 648; Statev. Dolce (1993), 92 Ohio App.3d 687.
 {¶ 8} Appellant invokes the third category of ex post facto laws, maintaining the trial court's application of amended R.C. 2901.13
deprived him of a defense. Appellant explains the statute of limitation in effect on the date of offense, to wit: October 25, 1994, was six years; therefore, the State was required to commence prosecution against him by October 25, 2000. The State counters an expired limitations period is not a "defense" as contemplated by the Beazell Court.
 {¶ 9} While amended R.C. 2901.13 deprives appellant of the six year limitations period in effect when the offense occurred, it did not deprive him of a defense within the meaning of the ex post facto clause. The term "defense" as used in Beazell refers only to statutes which withdraw "defenses related to the definition of the crime, or to matters which a defendant might plead as justification or excuse" for a crime.United States v. Brechtel (C.A. 5, 1993), 997 F.2d 1108, 1113. The Sixth Circuit Court of Appeals in United States v. Knipp (C.A. 6, 1992),963 F.2d 839, stated:
 {¶ 10} "Pleading an expired limitations period is certainly a defense in the general sense that it is a defensive measure. More particularly, however, it is a matter in bar of prosecution and as such is distinguishable from a `pure' defense, which defeats one or more elements of the crime. * * * Thus, `defense' as used in Beazell means a defense related to the definition or elements of the crime. It does not have the much broader meaning assigned to it by defendants, because a plea in bar is not related to the definition of a crime and is not pleaded as a nullification of one or more of its elements or as an excuse or justification for its commission." Id at 843. We agree with the Knipp
court's reasoning.
 {¶ 11} Based upon the foregoing, we conclude appellant's claim of an expired limitations period is not a "defense"; therefore, the trial court's application of amended R.C. 2903.13 did not violate the ex post facto clause.
 {¶ 12} Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 13} In his second assignment, appellant argues the trial court violated his constitutional rights by retroactively applying amended R.C. 2903.13, which extends the statute of limitations.
 {¶ 14} Section 28, Article II of the Ohio Constitution provides the General Assembly "shall have no power to pass retroactive laws." A law is retroactive if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 106.
 {¶ 15} In order to determine whether the trial court's application of amended R.C. 2903.13 was unconstitutionally retroactive, we must determine whether the statute is substantive or merely remedial. A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution. Laws which relate to procedures are ordinarily remedial in nature. Id. at 107-108. In general, statutes of limitations are remedial in nature. Gregory v. Flowers (1972), 32 Ohio St.2d 48, para. one of the syllabus. However, "[w]hen the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution." Id. at para. 3 of the syllabus. "A statute undertaking to provide a rule of practice, a course of procedure or a method of review is in its very nature and essence a remedial statute." Lewis v. Conner
(1985), 21 Ohio St.3d 1, 3. Appellant did not accrue a substantive right to have the six year statute of limitations apply because amended R.C.2903.13 was enacted prior to the expiration of that six year statute of limitation. Because amended R.C. 2903.13 is remedial and for the rationale set forth in Assignment of Error I, we find amended R.C. 2903.13
did not affect a substantial right of appellant; therefore, the trial court did not retroactively apply the statute.
 {¶ 16} Appellant's second assignment of error is overruled.
 {¶ 17} The conviction and sentence of the Stark County Court of Common Pleas are affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: ex post facto, retroactive laws.