OPINION
{¶ 1} Petitioner-appellant Paul B. Goist appeals the September 18, 2002, judgment entry of the Trumbull County Court of Common Pleas dismissing, sua sponte, his Petition for Post Conviction Relief/Habeas Corpus Action as being untimely filed. We affirm that decision.
 {¶ 2} On July 11, 1985, appellant pled guilty to one count of robbery, in violation of R.C. 2911.02, and one count of simple burglary, in violation of R.C. 2911.12, pursuant to a plea agreement. On September 25, 1985, appellant was sentenced to three years active probation. Appellant was subsequently incarcerated for violating the terms of his probation. No appeal was taken in this matter.
 {¶ 3} Appellant is currently serving a sentence at a federal facility in South Carolina for his conviction on two counts of unarmed bank robbery. See United States v. Goist (Mar. 7, 2003), 6th Cir. No. 01-4211, 2003 U.S. App. LEXIS 4291. On account of appellant's prior 1985 state convictions, appellant's sentence was enhanced under the federal guidelines as a career offender.
 {¶ 4} On August 26, 2002, appellant filed a "Petition for Post Conviction Relief/Habeas Corpus Action". In a judgment entry journalized September 18, 2002, the trial court dismissed appellant's petition. The court found that appellant's petition was untimely; that appellant failed to meet the requirements of R.C. 2953.23(A) that would allow the court to entertain an untimely petition; and that appellant's habeas claim was not brought against the proper party. This appeal follows.
 {¶ 5} Appellant raises a single "issue presented for review": "Did the trial court error in Dismissing appellants Post Conviction/ Habeas Corpus Petition when the law for Post Conviction one year limitation periods did not exist at the time of Appellants conviction Creating an Ex Post facto retroactive effect?" [sic].
 {¶ 6} The appellate court's standard of review for post conviction relief under R.C. 2953.08 is de novo. State v. Bagnall, 11th Dist. No. 2001-L-211, 2002-Ohio-6469, at ¶ 8.
 {¶ 7} The requirement that a petition for post conviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. Statev. Beaver (1998), 131 Ohio App.3d 458, 461 (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).
 {¶ 8} The basis of appellant's argument, that his petition may not be dismissed as untimely, is a change in the law regarding the time allowed for seeking post conviction relief under R.C. Chapter 2953. At the time of appellant's conviction, in July 1985, R.C. 2953.21 allowed a petition for post conviction relief to be filed "at any time" after the sentence was imposed.
 {¶ 9} Subsequent to appellant's conviction, the time for filing a petition for post conviction relief was significantly shortened by the enactment of Am.Sub.S.B. No. 4 ("S.B. 4"), effective September 21, 1995, to one hundred and eighty days from the date on which the trial transcript is filed with the court of appeals or from the date on which the time for filing an appeal expired. 146 Ohio Laws, Part IV, 7815, 7823-7824. Section 3 of the uncodified part of S.B. 4, however, provided that persons who were sentenced prior to the enactment of S.B. 4 could file for post conviction relief "within one year from the effective date of this act."
 {¶ 10} Appellant, therefore, had one year from the effective date of S.B. 4, i.e., until September 21, 1996, in which to file for post conviction relief under amended R.C. 2953.21. Appellant's petition, filed over eight years later, is unquestionably untimely.
 {¶ 11} We must consider whether the application of the amended version of R.C. 2953.21 to appellant's petition constitutes an impermissible retroactive application of the law. Then, we must determine whether appellant's petition meets the requirements of R.C. 2953.23, which allows a court to entertain an untimely petition for relief.
 {¶ 12} Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass retroactive laws." As applied by the courts of Ohio, this provision "prohibits the General Assembly from passing retroactive laws that, when applied, act to impair vested rights." State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, at ¶ 13. More precisely, "[a] statutory enactment is repugnant to Section 28, Article II if it is expressly retroactive and is substantive, as opposed to merely remedial." Id. (emphasis sic).
 {¶ 13} The uncodified Section 3 of S.B. 4 expressly applies to those persons who are convicted and sentenced prior to the effective date of the amendments. Accordingly, we find that the General Assembly has expressed its intent that S.B. 4 have retroactive application. State v.Risner, 3rd Dist. No. 12-98-12, 1999-Ohio-776, 1999 Ohio App. LEXIS 2448, at *4; State v. Buoscio (Dec. 27, 1999), 7th Dist. No. 98-CA-7, 1999 Ohio App. LEXIS 6436, at *6-*7.
 {¶ 14} The next step in our analysis is to determine whether the amendments to R.C. Chapter 2953 are substantive or remedial. State v.Cook, 83 Ohio St.3d 404, 410, 411, 1998-Ohio-291. A statute is "substantive" if it impairs or takes away vested rights and/or affects an accrued substantive right. Van Fossen v. Babcock Wilcox Co.
(1988), 36 Ohio St.3d 100, 106-107. A "remedial" statute, in contrast, is one that only affects the remedy provided or that substitutes a new or more appropriate remedy for the enforcement of an existing right. Id. at 107. A "purely remedial" statute does not violate Section 28, Article II even if applied retroactively. Id. quoting Rairden v. Holden (1864),15 Ohio St. 207, paragraph two of the syllabus.
 {¶ 15} We observe that a petition for post conviction relief is a civil proceeding that collaterally challenges a criminal conviction.Pennsylvania v. Finley (1987), 481 U.S. 551, 556-557; State v. Calhoun,86 Ohio St.3d 279, 281, 1999-Ohio-102. The right to post conviction relief is not a federal constitutional right, but is a creation of state law. Finley, supra, at 557. Accordingly, "a petitioner receives no more rights than those granted by the statute." Calhoun, supra, at 281.
 {¶ 16} The time period for bringing a petition for post conviction relief under R.C. 2953.21 functions as the statute of limitations for this particular remedy. "Statutes of limitation are remedial in nature and may be generally classified as procedural legislation." Gregory v.Flowers (1972), 32 Ohio St.2d 48, paragraph one of the syllabus. "When the retroactive application of a statute of limitations operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution." Id. at paragraph three of the syllabus. This court has held that "a `right to sue' becomes a vested substantive right once it accrues" and that an enacted statute of limitations "which extinguishes a cause of action after it has accrued violates Section 28, Article II" of the Ohio Constitution. Occhionero v.Edmundson (Mar. 30, 2001), 11th Dist. No. 99-L-188, 2001 Ohio App. LEXIS 1553, at *10, citing Gregory, supra, at 54-55. However, the retroactive application "of an amended statute is not unlawful as long as a prospective claimant or litigant * * * is still afforded `"a reasonable time in which to enforce" his right.'" Id. quoting Gregory, supra, at 54.
 {¶ 17} Bearing in mind that post conviction relief is a civil proceeding, we conclude that a petitioner's right to seek such relief accrues when he or she has been convicted of a criminal offense. It is at this point that a person becomes entitled to file a petition seeking collateral civil review of his or her conviction. R.C. 2953.21(A)(1) ("Any person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence . . . asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."); Buoscio, supra, at *7.[1]
 {¶ 18} In the present case, however, amended R.C. 2953.21 afforded the appellant a reasonable time within which to enforce his right to post conviction relief. Rather than destroying appellant's vested substantive right to sue for collateral civil review of his conviction, the uncodified Section 3 of S.B. 4 granted the appellant one year from the enactment of the statute to file his petition. Therefore, amended R.C.2953.21 does not violate the constitutional prohibition against retroactive legislation and is applicable to appellant's petition.Buoscio , supra, at *8.
 {¶ 19} The fact that appellant's petition was untimely does not automatically mandate its sua sponte dismissal. Before the petition can be dismissed the court must analyze the petition under R.C. 2953.23, which governs untimely petitions as well as successive petitions for post conviction relief. State v. Kirin , 11th Dist. No. 2001-T-0053,2002-Ohio-3150, at ¶ 9; State v. Johnson (Feb. 9, 2001), 11th Dist. No. 99-T-0143, 2001 Ohio App. LEXIS 494, at *5-*6.
 {¶ 20} R.C. 2953.23(A)(1) allows a court to entertain an untimely petition for post conviction relief in two narrow circumstances: "(1) where the petitioner was unavoidably prevented from discovering the facts that the petition is predicated upon or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right." Beaver, supra, at 462.
 {¶ 21} Appellant fails to make any argument either in his original petition or in his appellate briefs that would excuse his petition's untimeliness under R.C. 2953.23(A)(1). Appellant does not assert that some newly recognized federal or state right applies retroactively to his case, nor does appellant claim that he was unavoidably prevented from discovering the evidence on which his petition is based. Instead, appellant argues that he was unaware that his "prior convictions would be used against him in a future case for sentencing enhancement provisions "and that, had he known, he "may have acted differently." Appellant's justification for his tardiness falls short of the standard for entertaining an untimely petition set forth in the statute.
 {¶ 22} In the absence of any justification for his failure to file a timely petition, the trial court has no jurisdiction to entertain appellant's position and properly dismissed the petition as time-barred.
 {¶ 23} We reject appellant's argument that he is entitled to the rule of lenity, which provides that ambiguity in criminal statutes is construed strictly so as to only apply to conduct that is clearly prescribed. United States v. Lanier (1997), 520 U.S. 259, 266. The rule of lenity has no bearing on the present case inasmuch as 1) post conviction relief is a civil remedy, and 2) R.C. Chapter 2953 is not ambiguous.United States v. Johnson (2000), 529 U.S. 53, 59 ("Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.")
 {¶ 24} We also reject the implication in appellant's brief that the S.B. 4 amendments violate the ex post facto clause of the federal Constitution. An ex post facto law is one "which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed." Dobbert v. Florida (1977),432 U.S. 282, 292, quoting Beazell v. Ohio (1925), 269 U.S. 167,169-170. Post conviction proceedings do not punish a crime, do not relate to sentencing, and do not deprive one charged with a crime of any defense. Therefore, R.C. 2953.21 is not an ex post facto law. State v.Dabelko, 11th Dist. No. 2001-T-0142, 2002-Ohio-6941, at ¶ 14.
 {¶ 25} Finally, although appellant failed to argue the issue on appeal, we note that the trial court properly dismissed appellant's claim for habeas corpus relief. "[T]he jurisdiction granted by the General Assembly to the courts of common pleas (under Section 4[B], Article IV, Ohio Constitution and R.C. 2725.02) for the granting of writs of habeas corpus when a person is in custody as an inmate of a state penal institution, the location of which is fixed by statute, is limited to the courts and judges of the county in which such institution is located."Mott v. Sheriff of Hamilton Cty. (1988), 48 Ohio App.3d 84, 85. Because appellant is presently incarcerated at a federal facility in South Carolina, the Trumbull County Court of Common Pleas has no jurisdiction over his person and no power to issue the writ. McConnaughy v. Doe
(1963), 174 Ohio St. 533, 534 ("[a]n action of habeas corpus reaches only the validity of the present confinement").
 {¶ 26} Moreover, appellant's petition for habeas relief is only brought against "the State of Ohio." This Court has previously held that, under R.C. 2725.04(B), "an application for a writ of habeas corpus must be brought against the jailor who is responsible for the defendant's present incarceration." Forgac v. State (Feb. 1, 2002), 11th Dist. No. 2001-T-0152, 2002-Ohio-434 , 2002 Ohio App. LEXIS 396, at *3. Since appellant has not, and could not have, brought his petition against the jailor responsible for his present incarceration, the trial court correctly dismissed his petition for habeas relief.
 {¶ 27} Appellant's assignment of error is overruled and the judgment of the common pleas court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.
[1] In this regard, we note our disagreement with those cases that suggest that the right to petition for post conviction relief does not vest until the petition is actually filed. See State v. Byrd (2001),145 Ohio App.3d 318, 327; State v. Risner , 3rd Dist. No. 12-98-12,1999-Ohio-776, 1999 Ohio App. LEXIS 2448, at *2.